## DEPPERT ET AL. *v.* STATE OF INDIANA.

[No. 25,271.   Filed January 25, 1929.]

*Edward P. Elsner* and *Thomas H. Branaman,* for appellants.

*Arthur L. Gilliom,* Attorney-General, and *Bernard A. Keltner,* Deputy Attorney-General, for the State.

Gemmill, J.—An indictment returned by the grand jury of Jackson County charged the appellants in the first count with petit larceny and in the second count with conspiracy to commit a felony. They were found guilty of petit larceny by a jury and it was adjudged that each be fined in the sum of $25 and imprisoned six months at the Indiana State Farm. Their separate and several motion for a new trial was overruled. The overruling of that motion is assigned as error.

In the motion for a new trial, fourteen causes were assigned, and six of same are now relied upon and presented for review. It is contended that the court erred in giving six instructions to the jury, at the request of the state.

Instruction No. 4 stated that a person who is present and aids, abets and participates in the commission of a

crime is guilty as a principal, and should be convicted as such, the same as though he alone and unaided had committed such crime. It is claimed by the appellants that this instruction was clearly wrong as it left out the question of intent or guilty knowledge. The statement in this instruction was substantially the same as contained in §2028 Burns 1926. Defendants' instruction No. 10, as modified and given, met this objection as it stated that, to constitute the crime of larceny, an evil intent must combine with the act. It is well settled that if an appellant desires a fuller instruction on a specific point he should tender it, and, failing to do so, he has no cause for complaint; and also that all instructions in a case are to be considered as a whole. The giving of said instruction did not constitute error.

Instruction No. 12 covered the subject of unlawful and criminal conspiracy. This instruction was applicable only to the second count of the indictment, on which the appellants were acquitted. As this instruction did not apply to the first count of the indictment upon which the defendants were convicted, it is not necessary to determine if same correctly stated the law.

Instructions Nos. 14 and 15 in regard to the testimony of certain witnesses as to contradictory statements of other witnesses limited same to the question of credibility of the witnesses who had made the contradictory statements. It is appellants' claim that this evidence should be considered by the jury to determine the truth of the statements. This court has held in numerous cases that such evidence does not tend to establish the truth of the matters embraced in the contradictory statements, as it goes only to the credibility of the witness. *Seller* v. *Jenkins* (1884), 97 Ind. 430; *Ohio, etc., R. Co.* v. *Stein* (1892), 133 Ind. 243, 32 N. E. 831, 19 L. R. A. 733; *Reddick* v. *Young* (1912), 177 Ind.

632, 98 N. E. 813; *Sanger* v. *Bacon* (1913), 180 Ind. 322, 101 N. E. 1001. There is no merit to appellants' contention as to these instructions.

Instruction No. 17 was in regard to a local association called Redding Township Protective Association. It said that if any witness was a member of that organization, that fact should be considered only for the purpose of determining whether such membership affected the credibility of such witness, and if so, to what extent, if at all. A witness had testified that the purpose of this organization was to protect property and stop petty thieving. It is contended by the appellants that this instruction was erroneous as the court put its approval on the protective association, assumed that a crime had been committed and invaded the province of the jury; and that same was confusing and misleading. It was not wrong for the court to say that such an organization was lawful and not justly subject to criticism, as far as its organization and purposes were concerned. Whether an instruction in a criminal case is erroneous as invading the province of the jury is to be tested by the question whether the court intimates its opinion as to the credibility of witnesses or weight to be given testimony. *Bohan* v. *State* (1923), 194 Ind. 227, 141 N. E. 323. It did not invade the province of the jury, and it was not assumed therein that a crime had been committed. This instruction could not have misled the jury to the prejudice of the defendants.

Instruction No. 22 was on the subject of the right and duty of the state to prosecute any and all persons charged with the commission of crime. It was stated therein that if the owners of the property which was taken agreed to condone the crime and did not file any charge against the defendants, those facts would not constitute a defense for the defendants. Objection is made to this instruction, for the reason that

it was misleading and harmful, as it did not follow the evidence as to where a certain statement was made; and also to the last part of same reading as follows: "The victims of crime and persons who sustain pecuniary loss as the result of crime have no power nor right to excuse, pardon or exculpate the perpetrators thereof." This instruction did not assume the existence of any facts and was not misleading. The last part of same which has been quoted meant that the victims of crime could not condone same so that the state could not prosecute. Also, this instruction did not invade the province of the jury. The giving of this instruction did not constitute error.

It was not error to overrule the motion for a new trial.

The judgment against each appellant is affirmed.