WYNN *v.* STATE OF INDIANA.

[No. 30,630.  Filed March 9, 1966.]

*Don R. Money,* and *Money, Orr & Bridwell,* of Indianapolis, for appellant.

*John J. Dillon,* Attorney General, and *James Manahan,* Deputy Attorney General, for appellee.

RAKESTRAW, J.—The appellant was charged by indictment with second degree murder. After a jury trial, he was found guilty of second degree murder, and sentenced to the Indiana State Prison for life. The appellant's sole specification of error is the overruling of his motion for new trial, and the motion for new trial contained only the specifications that the verdict was contrary to law. The appellant in his brief argues only that the evidence was insufficient for conviction.

The evidence most favorable to the state indicates that the defendant and the decedent met with certain others behind a tavern and were discussing getting some beer to drink. The decedent was fixing or eating a baloney sandwich. The defendant called the decedent a name, and argument ensued, and the defendant drew a knife and stabbed the decedent. The knife pierced the decedent's heart, and the decedent died within a short time.

There was a great deal of other evidence presented in the case. The defendant testified that he inadvertently threw out his arm and that the decedent must have run into the knife, and that he did not know that he had stabbed the decedent. There was testimony that the decedent had picked up a bottle, broken it, and struck at the defendant with the broken bottle, though two witnesses testified they saw nothing in deceased's hand. On appeal, the appellant strenuously argues that he was being assaulted by the decedent and that he merely defended himself.

It is well settled that on appeal this court will not weigh the evidence, but will consider only the evidence most favorable to the verdict below. *Schlegel* v. *State* (1958), 238 Ind. 374, 150 N. E. 2d 563; *Music* v. *State* (1959), 240 Ind. 54, 161 N. E. 2d 615; *Estes* v. *State* (1964), 244 Ind. 691, 195 N. E. 2d 471.

This court is not in a position to weigh the evidence. We do not have before us the witnesses. From the transcript, it is impossible to tell whether the witnesses are apparently testifying sincerely and honestly, or whether they are obviously attempting to give the "right" story. Even from the transcript, however, it is obvious that there is considerable contradiction and confusion among the defense witnesses. It was up to the jury to determine which witnesses could be believed.

In addition to the conflicting oral evidence, there are certain other circumstances which the jury could take into consideration. The murder weapon was a boy scout knife

which required some effort to open. Thus the jury could infer that the defendant was in a position of readiness to use the knife. The knife blade pierced the decedent's chest and went into his heart. This could imply to the jury that a considerable force was used in the stabbing and would tend to negate the story of the defendant. One of the photographs introduced into evidence shows the decedent's body. It reveals that there is a considerable superficial cut around the left side of the decedent's chest going to the place where the fatal wound was inflicted. This circumstance could be considered by the jury in determining the defendant's intent, in inferring malice, and in contradicting his story of accidental stabbing or his contention of self-defense.

Despite the considerable conflict in the testimony, it appears there is sufficient evidence to support the verdict.

The judgment of the trial court is therefore affirmed.

Myers, C. J., Arterburn, J., concur. Jackson, J., concurs in result. Achor, J., not participating.

NOTE.—Reported in 214 N. E. 2d 644.