S. W. ASHER *v.* STATE OF INDIANA.

[No. 770S161. Filed May 6, 1971. No petition for rehearing filed.]

*Ferdinand Samper,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert A. Smith,* Deputy Attorney General, for appellee.

ARTERBURN, C.J.—Following a trial by jury wherein a guilty verdict for the crime of robbery was returned, the movant-appellant, S. W. Asher, was sentenced to the Indiana State Prison for a term of ten to twenty-five years. An appeal was taken to this Court and on February 3, 1969, this Court affirmed the judgment of the trial court. *Asher* v. *State* (1969), 253 Ind. 25, 244 N. E. 2d 89, *cert. denied,* 396 U. S. 821, 90 S. Ct. 61, 24 L. Ed. 2d 72. On January 28, 1970, pursuant to the Indiana Rules of Procedure for Post-Conviction Remedies (P.C. 1), the defendant filed a verified motion to vacate and set aside said conviction, judgment, and sentence.

The movant-appellant objects to the adverse ruling of the trial court upon his Petition for Post-Conviction Relief. The trial court made the following Findings of Fact and Conclusions of Law, after a hearing on the Petition at which the State of Indiana presented no evidence:

"FINDINGS OF FACT AND CONCLUSIONS OF LAW

"This cause came on for hearing before the Court on the defendant's Petition for Post Conviction Relief; and the evidence having been heard and the cause having been submitted for decision, the Court now makes its findings of fact and conclusions of law pursuant to PCR 1, Section 6, as follows:

"FINDINGS OF FACT

"1. That on the 24th day of June, 1965, the defendant was found guilty of the crime of Robbery by Jury, and on

the 9th day of July, 1965 sentenced by the Court to a term of 10-25 years at the Indiana State Prison.

"2. Said conviction was appealed to the Indiana Supreme Court and the said conviction of petitioner was affirmed by said Court on the 3rd day of February, 1969.

"3. That thereafter, on January 28, 1970, petitioner filed his post conviction relief petition herein.

"4. That petitioner has failed to establish his asserted grounds for relief by a preponderance of the evidence in the following particulars:

"(a) That there was sufficient substantial and competent evidence adduced at petitioner's trial from which a reasonable person could find petitioner guilty beyond a reasonable doubt of the crime of Robbery.

"(b) That petitioner has not presented any newly discovered evidence which could not with reasonable diligence have been discovered and produced at the trial or in the motion for new trial following the trial, that is material evidence.

"5. The Court further finds that the petitions filed by the petitioner do not conform with the post-conviction relief rule of the Supreme Court of Indiana in that the petitioner makes it mandatory for the Court to search the petition for pertinent matters relevant to post-conviction relief.

"6. The Court further finds that the matters alleged in the motions and petitions of the petitioner invade the province of the jury as to credibility of witnesses, and that the jury found from all the evidence that the defendant was guilty.

## "CONCLUSIONS OF LAW

"1. That the law is with the State of Indiana and against the Petitioner.

"2. That all matters contained in said petitions have been fully determined and adjudicated against petitioner in the trial Court and in the Supreme Court.

"3. That the petitioner should be returned to the Indiana State Prison to complete his sentence as adjudicated by the jury and by the Supreme Court of Indiana.

/s/ Saul I. Rabb
JUDGE, Marion Criminal Court

"Dated: April 14, 1970"

Appellant first contends that the trial court erred as a matter of law in that the evidence presented at the P.C. 1 hearing showed him to be innocent by a "preponderance of the evidence". In *Asher* v. *State* (1969), 253 Ind. 25, 244 N. E. 2d 89, we considered the question of the sufficiency of the evidence and therein affirmed the decision of the trial court.

New evidence, however, was introduced at the P.C. 1 hearing. Under the Indiana Rules of Procedure, P.C. 1(A) (1) (d), relief may be secured by showing "that there exists evidence of material facts, not previously presented and heard, that requires vacation of the conviction or sentence in the interest of justice".

In *Wilhoite* v. *State* (1971), 255 Ind. 599, 601, 266 N. E. 2d 23, 25, this court stated:

"To justify a new trial, the newly discovered evidence . . . must be material and decisive in nature and must be such as to raise a strong presumption that it would probably change the results of the trial."

The evidence presented at the P.C. 1 hearing failed to raise the necessary presumption that the results of the trial would probably be changed if a new trial were granted.

In the petition now before us, it is contended that Ralph U. Brown falsely testified that he knew Oie Willoughby, the co-defendant, while in prison. Though new evidence shows by State Reformatory records that they were not in prison at the same time, this is a minor inaccuracy, since there is no doubt that Willoughby and Brown knew each other before and after the alleged offense. The jury's knowledge of both Brown's and Willoughby's prior criminal records undoubtedly affected the credibility of both witnesses. The jury could believe part or all of such testimony. The implication of all three men in the robbery was corroborated by Donnie Richey who testified that the men met in Brown's apartment on the night of the robbery at about 12:00 midnight.

Mary Blunck testified at the hearing that on April 26, 1964,

she saw the petitioner at 11:15 p.m. at the corner of State and Washington Streets in a taxi cab. Freeman Marshall stated at the hearing that on April 26, 1964, the petitioner returned the taxi cab he was driving to the Yellow Cab Company at 300 South East Street at about 11:25 or 11:35 p.m. The testimony of both these witnesses is merely cumulative since two other witnesses testified at the trial as to these same facts. Recognizing that Ralph U. Brown testified at the trial that the petitioner herein participated in the robbery with him, we hold this cumulative evidence would not change the results of the trial.

Donnie Richey testified that he could not remember as well at the hearing as he could during the trial. In response to certain questions, when asked which of his testimony was correct, he stated the testimony he gave at the trial was correct. When there is substantial evidence to support the trial court's finding in the hearing on the evidence, we may not on appeal reweigh such evidence and come to another or different conclusion. The trial court heard the witnesses and the evidence and determined the credibility to be given such witnesses. We conclude that such new evidence as may have been presented does not require the vacation of this conviction in that no strong likelihood has been created by it that a new trial would reach a contrary result.

Since we have decided this case on the merits, we need not determine whether the petitioner conformed to the standard form for petitions for post-conviction relief.

No vacation of the conviction or sentence is warranted based upon the P.C. 1 hearing. We therefore affirm the ruling of the trial court upon the movant-appellant's Petition for Post-Conviction Relief.

Givan, Prentice, DeBruler, and Hunter, JJ., concur.

NOTE.—Reported in 269 N. E. 156.