DENNIS R. HUNT *v.* STATE OF INDIANA.

[No. 774S134. Filed December 18, 1975.]

*Harriette Bailey Conn,* Public Defender of Indiana, *David P. Freund,* Deputy Public Defender, for appellant.

*Theodore L. Sendak,* Attorney General, *Walter F. Lockhart,* Deputy Attorney General, for appellee.

PRENTICE, J.—This is an appeal from the denial of post conviction relief, the petitioner (appellant) having been convicted in 1972 of murder in the first degree (felony murder—first degree arson). His direct appeal to this Court resulted in an affirmance of the judgment by a unanimous court in an opinion authored by Justice Hunter and found at 260 Ind. 375 and at 296 N.E.2d 116.

## ISSUES

The issues presented to this Court concern (1) competency of counsel and (2) newly discovered evidence.

Section 5 of our Post Conviction Rule 1 places the burden upon the petitioner to establish his grounds for relief by a

preponderance of the evidence. Also, in post conviction proceedings, as in other matters tried before the court, the trial judge, as the trier of facts, is the sole judge of the weight of the evidence and credibility of the witnesses. *Davis* v. *State*, (1975) 263 Ind. 327, 330 N.E.2d 738 and cases there cited. The trial court's findings were that the petitioner had not shown by a preponderance of the evidence that petitioner's trial counsel was incompetent throughout the proceedings, that he had called all witnesses that he knew about and knew would be favorable to the defense and that he had made a diligent effort to discover all potential witnesses and evidence favorable to the petitioner. The trial court further found that the petitioner's newly discovered evidence was not of such weight that it would likely change the result upon a retrial. The trial court concluded that the petitioner had failed to sustain his burden of proof for post conviction relief.

In reviewing the decision of the trial judge adverse to post conviction petitioners, we view only the evidence most favorable to the State; and it is only when the evidence is without conflict and leads to but one reasonable conclusion and the trier of fact has reached a contrary conclusion that the decision will be disturbed as contrary to law. *Lottie* v. *State*, (1974) 262 Ind. 124, 311 N.E.2d 800; *Hoskins* v. *State*, (1973) 261 Ind. 291, 302 N.E.2d 499.

ISSUE I. Competency of Counsel.

The evidence alleged by Petitioner to support the charge of incompetency was that his trial counsel failed to seek a continuance following the testimony of a State's witness who had not been included upon its list of witnesses, testimony of the petitioner's wife that counsel was intoxicated during the trial and the failure of counsel to call two witnesses who could have given testimony circumstantially tending to exonerate the petitioner.

The unlisted witness merely identified the body of the decedent. Her identity has never been disputed, and there is no indication that a continuance would have benefited the petitioner.

Trial counsel testified that he had not been intoxicated during the trial and that he had conferred with the trial judge throughout the trial, inferring that the judge would have been aware of his intoxication, had it existed.

Trial counsel testified that he believed the petitioner had told him that his wife had two witnesses. He further testified, however, that the conversation with the petitioner had been rather nebulous and that he had been given "* * * no name or addresses * * *" notwithstanding that he had interviewed the wife and had done everything that he could in petitioner's behalf because he believed in his innocence.

ISSUE II. Newly Discovered Evidence.

Newly discovered evidence must meet various requirements before it can serve as the basis for granting a new trial.

"An application for a new trial, made on the ground of newly discovered evidence, must be supported by affidavit and such affidavit or affidavits must contain a statement of the facts showing (1) that the evidence has been discovered since the trial; (2) that it is material and relevant; (3) that it is not cumulative; (4) that it is not merely impeaching; (5) that it is not privileged or incompetent; (6) that due diligence was used to discover it in time for trial; (7) that the evidence is worthy of credit; (8) that it can be produced upon a retrial of the case; and (9) that it will probably produce a different result. *Cansler* v. *State,* (1972) 258 Ind. 450, 281 N.E.2d 881; *Tungate* v. *State,* (1958) 238 Ind. 48, 147 N.E.2d 232. In deciding whether a piece of newly discovered evidence would produce a different result the presiding judge may properly consider the weight which a reasonable trier of fact would give it and, while so doing, may also evaluate its probable impact on a new trial in light of all the facts and circumstances shown at the original trial of the case." *Emerson* v. *State,* (1972) 259 Ind. 399, 406-07, 287 N.E.2d 867, 871-72. See also *Jones* v. *State,* (1974) 262 Ind. 159, 312 N.E.2d 856; *Wilhoite* v. *State,* (1971) 255 Ind. 599,

266 N.E.2d 23; *Spears* v. *State,* (1970) 253 Ind. 364, 254 N.E.2d 196.

The evidence alleged to have been newly discovered was that an unidentified boy was seen running from the scene of the fire. This testimony was given at the post conviction hearing by two witnesses, who were the same persons that the petitioner charges his trial attorney should have called; thus it is reasonable to believe that the evidence was not first discovered after the trial. Further, as set forth above, for the discovery of new evidence to require a new trial, it must appear that such evidence would probably produce a result different than that reached upon the initial trial. We cannot say that the finding of the trial judge upon this issue was incorrect as a matter of law and further agree that such evidence, even if newly discovered, was not so persuasive that it probably would have produced a verdict of not guilty.

We find no error, and the judgment of the trial court is affirmed.

Givan, C.J., Arterburn, DeBruler and Hunter, JJ., concur.

NOTE.—Reported at 338 N.E.2d 641.