JAMES LEON JACKSON *v.* STATE OF INDIANA.

[No. 874S151. Filed December 23, 1975.]

*Harriette Bailey Conn,* Public Defender of Indiana, *David P. Freund,* Deputy Public Defender, for appellant.

*Theodore L. Sendak,* Attorney General, *John R. O'Bryan,* Deputy Attorney General, for appellee.

PRENTICE, J.—This is an appeal from the denial of post conviction relief, the petitioner (appellant) having been convicted in 1971 of robbery and of inflicting injury in the commission of a robbery. His direct appeal to this Court resulted in an affirmance by a unanimous court in our opinion authored by Justice DeBruler and found at 260 Ind. 61, 291 N.E.2d 892.

## ISSUES

The issues presented to this Court concern (1) competency of counsel and (2) newly discovered evidence.

Section 5 of our Post Conviction Rule 1 places the burden upon the petitioner to establish his grounds for relief by a preponderance of the evidence. Also in post conviction proceedings, as in the other matters tried before the court, the trial judge, as the trier of facts, is the sole judge of the weight of the evidence and credibility of the witnesses. *Davis* v. *State,* (1975) 263 Ind. 327, 330 N.E.2d 738 and cases there cited. The trial court's findings were that the petitioner had not shown by a preponderance of the evidence that petitioner's trial counsel was incompetent throughout the proceedings, that he had called all witnesses that he knew about and knew would be favorable to the defense and that he had made a diligent effort to discover all potential witnesses and evidence favorable to the petitioner. The trial court further found that the petitioner's newly discovered evidence was not of such weight that it would likely change the result upon a retrial. The trial court concluded that the petitioner had failed to sustain his burden of proof for post conviction relief.

In reviewing the decision of the trial judge adverse to post conviction petitioners, we view only the evidence most favor-

able to the State; and it is only when the evidence is without conflict and leads to but one reasonable conclusion and the trier of fact has reached a contrary conclusion that the decision will be disturbed as contrary to law. *Lottie* v. *State*, (1974) 262 Ind. 124, 311 N.E.2d 800; *Hoskins* v. *State*, (1973) 261 Ind. 291, 302 N.E.2d 499.

ISSUE I. Competency of Counsel.

We recognize that the "waiver of error" rule is a harsh one and that post conviction claims of incompetency of counsel have mushroomed as efforts to open the door to reviews of claimed error which, on many occasions, ought to have been previously presented. We also recognize that our seine for netting the bona fide incompetence claims is course and gives a petitioner seeking a new trial upon such grounds a burden even heavier that that carried in most post conviction proceedings. Nevertheless, these appear to be flaws inherent to our adversary system—flaws that we know of no way to eliminate if we are ever to have finality in any criminal judgment.

Claims of attorney errors amounting to ineffective representation fall generally into three categories. First are those acts or omissions that are so gross upon their face as to shock the conscience in that they could not but have precluded a fair trial. Second are those acts or omissions that upon their face are so trivial as to render harm therefrom unlikely or are obviously matters of trial tactics or calculated judgments. Third are those acts or omissions that fall in-between the first two, those which, upon their face, may have seriously prejudiced the defendant's fair trial rights. Obviously, the vast majority of "incompetence" charges are premised upon errors falling into this third category. Assuming that the petitioner in such a case carries his burden of proof as to the facts alleged, the effect must, nevertheless, be judged in context on a case to case basis; and the burden is upon the petitioner not only as to the facts but also to persuade the trial court that his

trial counsel's representation was ineffective and that the "totality of the circumstances" reflect incompetence and a mockery of justice. *Meyers* v. *State,* (1975) 262 Ind. 613, 321 N.E.2d 201; *Beck* v. *State,* (1974) 261 Ind. 616, 308 N.E.2d 697; *Blackburn* v. *State,* (1973) 260 Ind. 5, 291 N.E.2d 686. Therefore, to enable the trial court to make a proper judgment it is, in most cases, necessary for it to have before it more than a mere recital of the attorney's alleged acts or omissions—even if they be unrefuted or stipulated as true. Usually this will require the introduction of the transcript of the criminal trial, which was not done in this case. Those proceedings are not matters of which the court may take judicial notice. *Majko* v. *State,* (1965) 246 Ind. 506, 207 N.E.2d 212; *Fletcher Savings & Trust Co.* v. *American State Bank of Lawrenceburg,* (1925) 196 Ind. 118, 147 N.E. 524.

Summarizing the petitioner's complaints, we find his counsel accused of insufficient consultation with the petitioner and with inadequate investigation and preparation for trial. We assume that defense counsel's representation was substantially as related by the petitioner, as the prosecutor gave no rebuttal evidence. We assume that none was available to him, as a prosecutor who rests upon his judgment that the petitioner has not made a prima facie showing of entitlement to relief wagers heavily that neither the trial court nor the appeals court will be of a different opinion.

Minimal consultation does not necessarily show incompetent or ineffective representation. *Nettles* v. *State,* (1975) Ind. App., 327 N.E.2d 625; *Daniels* v. *State,* (1974) 160 Ind. App. 582, 312 N.E.2d 890. To require reversal, it must be shown that the consultation was so perfunctory that evidence capable of changing the result at trial was not presented.

To meet this test, petitioner referred to an allegedly improper identification procedure. He asserted that he was identified by the complaining witness while he was in court

on an unrelated charge. However, he made no attempt to show how he was harmed by such procedure or what his attorney might have done to prevent it. We note that the complaining witness had known the petitioner for fourteen years. It is, therefore, highly unlikely that the witness was influenced by the allegedly improper identification procedure.

Petitioner further asserted that the lack of consultation prevented his telling his trial counsel of the romantic involvement that both he and the prosecuting witness had with the same woman. Since the attorney did not have this information, his failure to have offered evidence regarding it cannot be dismissed as a matter of trial strategy. If we charge counsel's ignorance of the matter to inadequate preparation, it, nevertheless, does not appear to be of such magnitude as to require a new trial. The assumed testimony was of impeaching value only, and its absence does not shock the conscience or reduce the trial to a mockery of justice. Additionally, although such evidence may have supplied a reason for the prosecuting witness to falsely accuse the petitioner, it might also have had a damaging affect, in that it also supplied a motive for the attack upon the witness.

With regard to the charge of inadequate investigation and preparation, petitioner alleges and complains that his attorney failed to call two alibi witnesses who were available in addition to those called and further failed to call as a witness the woman who reported the crime to the police. Trial counsel produced three witnesses, in addition to the petitioner, who testified that at the time of the robbery petitioner was at his mother's home. The failure to call the additional witnesses, we assume, was merely a matter of judgment. *Foster* v. *State,* (1974) 262 Ind. 567, 320 N.E.2d 745. The attorney may reasonably have concluded that the testimony of the two additional witnesses would have been merely repetitious and unnecessary. In retrospect, the judgment may have been erroneous, but that does not render it an incompetent act.

ISSUE II. Newly Discovered Evidence.

Under this heading, petitioner seeks a new trial based upon the testimony of the two uncalled alibi witnesses and the evidence of the mutual involvement of petitioner and complaining witness with the same woman. This evidence has not been heard previously and thus qualifies as newly discovered evidence under the literal wording of Ind. R. P.C. 1, § 1(a)(4). However, we have read into this rule the same requirements for reviewing newly discovered evidence as previously existed for reviewing such evidence on direct appeal. In either instance, to justify the granting of a new trial on this basis, a petitioner or appellant must show:

"* * * (1) that the evidence has been discovered since the trial; (2) that it is material and relevant; (3) that it is not cumulative; (4) that it is not merely impeaching; (5) that it is not privileged or incompetent; (6) that due diligence was used to discover it in time for trial; (7) that the evidence is worthy of credit; (8) that it can be produced upon a retrial of the case; and (9) that it will probably produce a different result." *Emerson* v. *State*, (1972) 259 Ind. 399, 407, 287 N.E.2d 867, 872. See also *Hunt* v. *State*, (1975) 264 Ind. 44, 338 N.E.2d 641; *Jones* v. *State*, (1974) 262 Ind. 159, 312 N.E.2d 856; *State* v. *Kolb*, (1974) Ind. App., 318 N.E.2d 382; *Curry* v. *State*, (1972) 154 Ind. App. 685, 290 N.E.2d 729; *Dixon* v. *State*, (1972) 154 Ind. App. 603, 290 N.E.2d 731.

Petitioner does not meet this more rigorous standard, as his evidence is cumulative, impeaching and was available at trial, even though a competent attorney would not have been bound to use it. Petitioner urges, however, that we reject this higher standard and use only the literal terms of the rule as the test in Post Conviction proceedings. This overlooks the fact that the reasons for the *Emerson* standard—encouraging diligence in bringing forth all relevant evidence conserving judicial energy, thwarting repetitious appeals and the assertion of spurious grounds for relief in subsequent proceedings—are equally applicable whether the appeal is from a trial or a post conviction relief hearing.

Petitioner cites *Asher* v. *State,* (1971) 256 Ind. 381, 269 N.E.2d 156, and *Johnson* v. *State,* (1974) 262 Ind. 183, 313 N.E.2d 542, as instances in which this Court did not apply the *Emerson* standard in appeals from post conviction hearings. Both of these cases upheld denials of motions for new trials which were based in part upon purportedly newly discovered evidence. *Asher* was decided before *Emerson* and used a part of the more detailed test as it had been developed in *Wilhoite* v. *State,* (1971) 255 Ind. 599, 266 N.E.2d 23. *Johnson* did not cite *Emerson* but rejected the proffered evidence which was found to have been previously heard in part and which would not have changed the result upon retrial. Thus, the evidence failed to meet the test of Ind. R. P.C. 1, § 1(a) (4), and there was no need to use the stricter standard. Neither case dilutes the *Emerson* test.

Our comments relative to the necessity of the trial record apply with equal force as to the bill of exceptions containing the evidence. Although it does not appear that the introduction of the record would have altered the result in this case it is difficult to see how one can carry his post conviction burdens on a claim of newly discovered evidence, which includes the burden of persuasion on the probability of changing the result, without showing the evidence presented at the trial.

We find no reversible error. Judgement affirmed.

Givan, C.J., Arterburn, DeBruler and Hunter, JJ., concur.

NOTE.—Reported at 339 N.E.2d 557.