DANE EUGENE WYNN *v.* STATE OF INDIANA.

[No. 1075S274. Filed August 10, 1976.]

*Harriette Bailey Conn,* Public Defender of Indiana, *Stephen Brown,* Deputy Public Defender, for appellant.

*Theodore L. Sendak,* Attorney General, *Susan J. Davis,* Deputy Attorney General, for appellee.

PRENTICE, J.—This is an appeal from a denial of post conviction relief. The petitioner was convicted of second degree murder in April of 1964, and his conviction was affirmed by this Court. *Wynn v. State,* (1966) 247 Ind. 247, 214 N.E.2d 644. The petition for post conviction relief was denied, and a motion to correct errors overruled. This appeal presents the single issue of whether or not the court erred, as a matter of law, in finding that the petitioner had failed to prove his claim of incompetent and ineffective counsel.

The claim of the petitioner was supported by his testimony that his trial counsel failed to subpoena two persons whose names the petitioner had supplied, that counsel conferred with him but five or six times for a total of about one hour, failed to interview one of the State's witnesses and failed to object to improper and prejudicial remarks made by the prosecuting attorney in his closing argument.

Petitioner's trial counsel testified upon the petitioner's case in chief. His testimony concerned only his failure to object to the prosecutor's improper remarks. He acknowledged that the remarks had been made and that he was aware of their impropriety at that time but stated that he made no objection because it was his judgment that by doing so he would only add emphasis to them. The remarks in issue were to the effect that if the jury found the defendant guilty of manslaughter, rather than of murder, he would be back on the streets to kill again in eighteen months. The State offered no evidence.

At the outset, we note that the petitioner in a post conviction proceeding has the burden of establishing his grounds for relief by a preponderance of the evidence. Ind. R. P. C. 1 § 5. The judge hearing the petition weighs the evidence and the credibility of witnesses. *Davis v. State,* (1975) 263 Ind. 327, 330 N.E.2d 738. His determination will be reversed only where the evidence is without

conflict and leads unerringly to a result not reached by the trial court. *Roberts* v. *State*, (1975) 263 Ind. 53, 324 N.E.2d 265.

Minimal consultation does not necessarily show ineffective representation. *Jackson* v. *State*, (1975) 264 Ind. 54, 339 N.E.2d 557. Petitioner has not shown that the attorney failed to obtain the information he needed in the five or six conferences. Nor does petitioner allege that these conferences constituted the sum total of his attorney's preparation for trial.

Petitioner testified that his trial attorney told him that he had talked to one of the persons whose name was given to him by petitioner. Petitioner stated that the attorney said this person was uncooperative and that it would do no good to subpoena him. This appears to be another instance of trial strategy.

It it unclear whether counsel interviewed the other witness. Petitioner testified that when he gave his attorney the name of this second person, he did not know where he could be located, but that the attorney later told him the witness was in the Marion County Juvenile Center and could not be subpoenaed.

Petitioner has not shown what evidence was not adduced by the attorney's alleged failure to subpoena these two persons. Similarly, he has failed to show what effect the alleged failure to interview one State's witness had on the trial. Even if true, we are unable to say that such omissions reduced the trial to a mockery of justice. The trial transcript was not introduced; we have no way to estimate the impact of these omissions on the trial. *Jackson, supra.* We will not engage in speculation as to what may have been a more advantageous strategy for the defendant. *Kerns* v. *State*, (1976) 265 Ind. 39, 349 N.E.2d 701.

Although not presented to the trial court, the petitioner through his brief has directed our attention to the case of

*Shack* v. *State*, (1967) 249 Ind. 67, 231 N.E.2d 36, in which we granted a new trial by reason of the incompetency and ineffectiveness of the same lawyer ten months earlier. He urges that the prior determination of incompetency should have a strong bearing upon this case and that the presumption of competency was thereby shattered. Obviously, we cannot endorse such a theory. Even if we were so disposed, we remind counsel that in our reviews of matters turning upon facts, we are limited to a consideration of the evidence presented to and thus available for the consideration of the trier of those facts. Our concern is not with the correctness of their findings, but rather with whether there was evidence, or a lack of evidence, which, as a matter of law, provided a reasonable basis for their determination.

We find no error, and the judgment of the trial court is affirmed.

Givan, C.J. and Arterburn, DeBruler and Hunter, JJ., concur.

NOTE.—Reported at 352 N.E.2d 493.