**Richard T. DEADWILER, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 1079S271.

Supreme Court of Indiana.

June 5, 1980.

Rehearing Denied Aug. 25, 1980.

Dawn Wellman, Merrillville, for appellant.

Theodore L. Sendak, Atty. Gen., Gordon R. Medlicott, Deputy Atty. Gen., Indianapolis, Jack F. Crawford, Lake County Prosecutor, Crown Point, for appellee.

PRENTICE, Justice.

This is an appeal from a conviction for Robbery, a Class A Felony. The sole issue presented for our consideration is whether Defendant (Appellant) was denied the effective assistance of counsel by counsel's failure to object to the admission into evidence of certain photographs of him which were identifiably police department identification photographs. The photographs had been shown by a police investigator to the robbery victim, for identification purposes, prior to the Defendant's arrest and were admitted during the testimony of that investigator in the State's case in chief.

Defendant now asserts that the negative inferences the jury could have drawn from the photographs prejudiced him in a manner to which counsel should not have acceded. However, counsel for the Defendant adduced, on cross-examination of the police investigator, that such photographs were occasionally taken of people brought in solely for questioning. Counsel also established that the Defendant had not previously been convicted of any felony. Thus, counsel well may have preferred cross-examination of the officer, as a vehicle for overcoming the photographs' negative inferences, to an objection which the jury may have viewed as evasive.

We have repeatedly refused to scrutinize counsel as to matters of trial strategy. "Isolated mistakes, poor tactics or strategy do not automatically constitute ineffective representation." *Maldonado v. State*, (1976) 265 Ind. 492, 355 N.E.2d 843. *See Blackburn v. State*, (1973) 260 Ind. 5, 291 N.E.2d 686, *appeal dismissed* 412 U.S. 925, 93 S.Ct. 2755, 37 L.Ed.2d 152. Moreover, an attorney is presumed to have provided competent representation. That presumption will be disturbed only upon strong and con-

vincing proof that what the attorney did or did not do made a mockery of the trial and shocks the conscience of the reviewing court. *Robertson v. State*, (1974) 262 Ind. 562, 319 N.E.2d 833.

We have examined the record and find no basis for disturbing the presumption in this case. The judgment is affirmed.

GIVAN, C. J., and DeBRULER, HUNTER and PIVARNIK, JJ., concur.