**James SMITH, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 2–980 A 319.

Court of Appeals of Indiana, First District.

March 16, 1981.

Perry H. Harrold, Wilson, Coleman & Roberts, Indianapolis, for appellant.

Theodore L. Sendak, Atty. Gen., Michael Gene Worden, Asst. Atty. Gen., Indianapolis, for appellee.

ROBERTSON, Judge.

The defendant-appellant Smith appeals his conviction of three counts of battery, *Ind. Code* 35–42–2–1. Smith argues that he is entitled to a new trial because of newly discovered evidence and that he had ineffective and incompetent counsel at trial.

We affirm.

Smith was convicted of three counts of battery for shooting three of his girl friend's children during a domestic argument. At trial, Smith alleged his actions constituted self-defense. Smith requested his attorney to call Mrs. Eleanor Allen, his girl friend, and two neighbors who witnessed the events to testify and corroborate his story. None of these witnesses were subpoenaed to testify at trial, however, Mrs. Allen was present but became ill and left before she could take the stand.

Smith argues that the testimony of the two neighbors was unknown to his ap-

pellate counsel on this appeal, thus, their testimony constitutes newly discovered evidence. Smith's argument fails at the threshold because, as stated in *Emerson v. State*, (1972) 259 Ind. 399, 287 N.E.2d 867, a new trial based upon newly discovered evidence will be granted when the evidence, among other things, has been discovered since the trial. In the present case Smith cannot demonstrate such a discovery. The names of the witnesses appeared on a witness list and Smith testified that he had submitted these names to his trial counsel several months prior to his trial. Smith's argument in this regard must fail.

Smith next claims that he had ineffective and incompetent counsel at trial based upon the failure of his trial attorney to subpoena or otherwise secure the testimony of these witnesses in his behalf.

In Indiana there is a strong presumption that defense counsel is competent and a case will not be reversed absent a glaring and critical omission or succession of omissions evidencing in their totality a mockery of justice and shocking to the conscience of the reviewing court. *Kerns v. State*, (1976) 265 Ind. 39, 349 N.E.2d 701; *Deadwiler v. State*, (1980) Ind., 405 N.E.2d 521. Nor does minimal consultation necessarily show incompetent counsel. *Jackson v. State*, (1975) 264 Ind. 54, 339 N.E.2d 557. However, in this case we cannot ascertain from the record whether or not trial counsel interviewed these witnesses or otherwise determined the quality of the evidence they could present in Smith's behalf. As a result, the differentiation from trial strategy to incompetency has not been bridged and Smith has not been able to rebut the presumption of competency.

Judgment affirmed.

NEAL, P. J., and RATLIFF, J., concur.