Michael Charles **BRADBURN**, Appellant (Defendant Below)

v.

**STATE** of Indiana, Appellee (Plaintiff Below).

No. 680S184.

Supreme Court of Indiana.

Sept. 3, 1981.

of a robbery, Ind.Code § 35–13–4–6 (Burns 1975) and sentenced to life imprisonment. This is an appeal from the denial of post conviction relief. On direct appeal this Court affirmed the conviction. *Bradburn v. State*, (1971) 256 Ind. 453, 269 N.E.2d 539.

"The incident giving rise to appellant's arrest and conviction occurred in Richmond, Indiana, on January 28, 1969. On that date a robbery of the Keg and Cask package liquor store was committed. In the course of that crime the sales clerk on duty suffered severe head injuries which from all indications were inflicted by blows with a two wheeled hand cart or 'dolly' used to move about stacks of beverage cartons.

"While the clerk, due to resulting amnesia, was unable to name appellant as the one who had struck him, another party who took part in the robbery, Ronald Maiden, testified that appellant inflicted the injuries upon the victim." *Id.* at 455, 269 N.E.2d at 540–41.

In his direct appeal, the defendant raised a claim of newly discovered evidence by affidavits of cellmates of Ronald Maiden, charging that Maiden had expressed an intention to see the defendant convicted. We disposed of that issue adversely to the defendant.

The defendant now continues his claim of newly discovered evidence with a deposition from one, Burdette, who was also convicted as a participant in the robbery. When deposed, Burdette testified that Maiden had told him that it was he, and not Bradburn, who had injured the liquor store clerk. At Bradburn's trial, neither he nor Burdette testified.

The petitioner in a post conviction proceeding has the burden of establishing his ground for relief by a preponderance of the evidence. Ind.R.P.C. 1, § 5. The judge hearing the petition weighs the evidence and the credibility of the witnesses. His determination will be reversed only when the evidence is without conflict and leads unerringly to a result other than the one reached by the trial court. *Wynn v. State*, (1976) 265 Ind. 133, 352 N.E.2d 493.

Harriette Bailey Conn, Public Defender, Howard N. Bernstein, Deputy Public Defender, Indianapolis, for appellant.

Theodore L. Sendak, Atty. Gen., Michael Gene Worden, Asst. Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

Defendant (Appellant) was convicted of inflicting physical injury during commission

To sustain a claim for a new trial based on newly discovered evidence, a petitioner must show (1) that the evidence has been discovered since the trial; (2) that it is material and relevant; (3) that it is not cumulative; (4) that it is not merely impeaching; (5) that it is not privileged or incompetent; (6) that it could not, by due diligence have been discovered in time for trial; (7) that it is worthy of credit; (8) that it can be produced upon a retrial of the case; and (9) that it will probably produce a different result. *Emerson v. State,* (1972) 259 Ind. 399, 407, 287 N.E.2d 867, 871–72.

According to Burdette, he had not been present when Maiden inflicted the injuries to the clerk but had been carrying a semi-conscious and drunk Bradburn to an automobile, and learned of Maiden's injuries to the victim only upon his return to the store.

The defendant contends that Burdette's testimony, unlike the testimony of Maiden's cellmates, is independent evidence of the charges against all three defendants. However, the defendant does not indicate what steps, if any, he took to obtain such evidence prior to trial. He tells us only that Burdette had been advised by his lawyer not to testify. He conducted no discovery with respect to Burdette and made no attempt to subpoena him. Under such circumstances it cannot be said the defendant had used due diligence to discover the evidence prior to trial. *Laird v. State,* (1979) Ind., 385 N.E.2d 452, 455.

In effect, what Defendant has discovered is a new strategy for conducting his defense. *See Riddle v. State,* (1980) Ind., 402 N.E.2d 958, 961 (offer of testimony concerning consent, where issue of consent not placed before the jury); *Jackson v. State,* (1975) 264 Ind. 54, 59, 339 N.E.2d 557, 561 (offer of alibi witnesses); *Delph v. State,* (1975) 263 Ind. 385, 387, 332 N.E.2d 783, 784 (offer of alibi witnesses). *See also Fleener v. State,* (1980) Ind., 412 N.E.2d 778, 782 (attempt to repudiate confession through deposition of cellmate disclosing that defendant had stated that his confession was false).

The judgment of the trial court is affirmed.[1]

GIVAN, C. J., and DeBRULER, HUNTER and PIVARNIK, JJ., concur.

---

1. Alternatively, the defendant seeks a modification of his life sentence to a term consistent with those received by Maiden and Burdette; however, his grounds in support thereof are the same as those in support of his claim for a new trial.