**Bobby FITCH, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 3–381A72.

Court of Appeals of Indiana, Third District.

Dec. 15, 1981.

---

James R. Beaver, Halleck & Beaver, Rensselaer, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

HOFFMAN, Presiding Judge.

Bobby Fitch appeals his conviction of forgery, a class C felony. Issues raised are:

(1) whether the trial court erred in denying Fitch's request for a continuance made on the morning of the trial;

(2) whether Fitch was denied a fair trial because of incompetent counsel;

(3) whether the judgment is supported by sufficient evidence; and

(4) whether the trial court erred in giving one of the State's tendered instructions.

The evidence most favorable to the State reveals that on August 23, 1979 Fitch entered a store and bought a pair of jeans and a shirt. Fitch presented the store owner with a check which had previously been made out for the sum of $40 and signed by Steve Eastman. When asked for identification, Fitch could not document his identity, but rather, gave a false social security number.

The check was returned unpaid. Eastman testified that he did not sign the check or authorize anyone to sign his name to the check.

Fitch argues initially that the trial court erred in denying his request for a continu-ance which was made just prior to the start of his trial. It appears that Fitch sought a continuance in order to secure witnesses who would testify that Fitch could neither read nor write.

■ The trial court did not err in denying Fitch's request for a continuance. IC 1971, 35–1–26–1 (Burns 1979 Repl.) provides:

"Motion and affidavit of defendant.—*A motion by the defendant to postpone the trial on account of the absence of evidence can be made only on affidavit showing materiality of the evidence expected to be obtained, and that due diligence has been used to obtain it, and where the evidence may be; and if the postponement be asked on account of an absent witness, the affidavit must show the name and residence of the witness, if known, and the probability of procuring his testimony within a reasonable time. The affidavit must further show that the absence of such witness has not been procured by the act or connivance of the defendant, nor by others at his request, nor with his knowledge and consent, and what facts he believes the witness will testify to, and that he believes them to be true, and that he is unable to prove such facts by any other witness whose testimony can be as readily procured.* If, thereupon, the prosecuting attorney will admit that the witness, if present, will testify to the facts which the defendant in his affidavit for continuance alleges that he can prove by the absent witness, or if the evidence be written or documentary, that such documentary evidence exists, the trial shall not be postponed for that cause. The defendant shall file such affidavit for continuance at least five [5] days before the date set for trial or shall sustain the burden of establishing to the satisfaction of the court, that the defendant is not at fault for failing to file such affidavit for continuance at an earlier date. If the motion for continuance is based upon the illness of the defendant or of a witness,

the motion shall be accompanied by the oral testimony, in open court, or by the written statement of a physician or hospital official having the care or custody of such defendant or witness, presenting the nature of the illness and the probable duration of his incapacity to attend trial. Such written statement of the physician or hospital official shall be sworn to by such physician or hospital official before a notary public or other officer authorized to administer an oath. The court may appoint a physician who shall examine the defendant or the witness, and shall report to the court on the nature of the defendant's illness and the probable duration of his incapacity to attend trial. Compensation for such physician shall be provided by order of the court." (Emphasis added.)

The record reveals that Fitch's oral motion for a continuance was not supported by affidavit. This fact alone is sufficient to permit a trial court, in its discretion, to deny the motion. *Bridgewater v. State* (1979), Ind.App., 393 N.E.2d 223. Additionally, the oral motion did not contain the name and residence of any witnesses, nor did it meet many of the other requirements of the statute. This information also did not appear in Fitch's motion to correct errors. Furthermore, it was made known to the trial court that two witnesses were present to testify that Fitch was functionally illiterate. The trial court did not abuse its discretion in denying the request for a continuance.

■ Fitch next contends that he was denied a fair trial because his court-appointed attorney failed to competently represent him. It is well settled that there exists a presumption that an attorney has provided competent representation. "That presumption will be disturbed only upon strong and convincing proof that what the attorney did or did not do made a mockery of the trial and shocks the conscience of the reviewing court." *Deadwiler v. State* (1980), Ind., 405 N.E.2d 521, at 521–522. In applying this

standard, this Court looks to the totality of the circumstances to see if and how the defendant was harmed by his attorney's inadequacies. *Smith v. State* (1979), Ind., 396 N.E.2d 898. It is from this perspective that Fitch's allegations will be examined.

The record reveals that Fitch's trial counsel performed many services in connection with this case. Among these are: filing a motion for discovery, taking of depositions from three witnesses, obtaining a reduction of Fitch's bond, and making proper objections at trial. Despite this, Fitch contends that trial counsel was incompetent because he did not give Fitch adequate notice of the trial date or set aside an adequate amount of time to discuss the case prior to the trial.

■ The record shows that Fitch's trial counsel was appointed on October 25, 1979 and the trial was originally set for January 15, 1980. The trial was postponed, and on July 21, 1980 was reset for September 23, 1980. On its own motion the court rescheduled the trial for September 30, 1980. This occurred on September 22, 1980. Fitch's trial counsel informed him of the rescheduling in a letter dated September 24, 1980. Under these circumstances it cannot be said that trial counsel was incompetent because of Fitch's notice of the trial date.

■ The fact that trial counsel set aside only a short time on the morning of the trial to discuss Fitch's case with him also fails to establish incompetence. Minimal consultation does not necessarily show incompetent representation. *Wynn v. State* (1976), 265 Ind. 133, 352 N.E.2d 493. In order to obtain a reversal, it must be shown that the consultation was so perfunctory that evidence capable of changing the result at trial was not presented. *Jackson v. State* (1975), 264 Ind. 54, 339 N.E.2d 557. The record shows that Fitch's trial counsel was involved in various pretrial procedures on Fitch's behalf. There is no evidence as to the number of consultations held during the pendency of this case. Fitch has not established prejudice.

 Fitch's other allegations of incompetence are also misplaced. Although Fitch's attorney failed to subpoena witnesses to testify to Fitch's illiteracy and also failed to consult a handwriting analyst, these decisions are properly categorized as trial tactics. From the record it is clear that the State was basing its case on Fitch's uttering a forged instrument and not on the making of the forged instrument. Trial counsel's decision not to call these witnesses cannot be termed incompetence inasmuch as their testimony would be relevant only in regard to the making of an instrument. Trial counsel's failure to call a witness will result in the reversal only if the defendant can establish prejudice. *Crisp v. State* (1979), Ind., 394 N.E.2d 115. Fitch has failed to show prejudice. Likewise, the failure of trial counsel to tender instructions must be classified as a trial tactic. Such a failure in itself does not constitute incompetence. The record reveals that Fitch's trial counsel properly objected to one of the State's tendered instructions. Fitch does not allege that any other instructions were erroneous or that he was prejudiced by his attorney's decision not to tender written instructions.

 Fitch's final allegation of incompetence is premised on statements of his attorney which Fitch contends caused the trial court to believe that Fitch was requesting a continuance for the purpose of delay. A review of the record fails to sustain Fitch's argument. The record shows that Fitch was telling the trial judge that he wanted a new attorney, partially because he was not afforded adequate notice of his trial date. Trial counsel merely disagreed with Fitch's argument in this regard and stated that he had mailed a letter to Fitch informing him of the trial date. The record contains nothing which shows that Fitch's attorney made a mockery of the trial or that shocks the conscience of this Court. The conviction will therefore not be reversed because of incompetent counsel.

Fitch next challenges the sufficiency of the evidence. Specifically, Fitch argues that the evidence is insufficient to show that he had knowledge that the check had been forged.

 As has often been stated, this Court will not reweigh the evidence or judge the credibility of the witnesses. A conviction will not be reversed if the evidence most favorable to the State, together with reasonable inferences drawn therefrom establishes evidence of probative value from which the defendant can be found guilty beyond a reasonable doubt. *Willard v. State* (1980), Ind., 400 N.E.2d 151. The evidence in the present case shows that Fitch presented a check with knowledge that he was not the maker of the check. When asked if he had any identification, Fitch indicated that he did not. Fitch at no time tried to correct the obvious impression that he was the maker of the check. Furthermore, when asked for his social security number, Fitch gave a false number. These facts, combined with the fact that Eastman did not know Fitch, raise the inference that Fitch had knowledge of the true nature of the check. The evidence of knowledge is sufficient to support the conviction.

 Finally, Fitch contends that one of the instructions given by the trial court is confusing and misleading. The challenged instruction reads: "Forgery includes every act which fraudulently makes an instrument what it is not." Although this language does appear in *Bowman v. State* (1979), Ind.App., 398 N.E.2d 1306, it is not appropriate for use as a jury instruction. Such use is hereby disapproved.

 Despite the fact that the instruction is overly broad and in some instances may confuse a jury, it does not constitute grounds for reversal in this case. The giving of confusing and misleading instructions does not create reversible error absent a showing of prejudice.

 It is well settled that when reviewing a trial court's instructions, this Court views all of the instructions as a

whole. *Cox v. State* (1981), Ind., 419 N.E.2d 1279. When the instructions in the present case are viewed from this perspective, it is clear that Fitch was not prejudiced. In addition to the erroneous instruction, the trial court also instructed the jury on the specific elements of the crime of forgery. Also given were instructions on: the State's burden of proof, reasonable doubt, direct and circumstantial evidence along with inferences to be drawn therefrom and the lesser included offense of deception. These instructions sufficiently narrowed the scope of the jury's inquiry to prevent any prejudice arising from the erroneous instruction.

Having found no reversible error, the judgment of the trial court is affirmed.

Affirmed.

GARRARD, J., concurs.

STATON, J., concurs in result.