**Robert A. VOSS, Appellant-Defendant,**

**v.**

**STATE of Indiana, Appellee-Plaintiff.**

**No. 3–584A128.**

Court of Appeals of Indiana,
Third District.

Oct. 25, 1984.

Rick L. Jancha, South Bend, for appellant-defendant.

Linley E. Pearson, Atty. Gen., Louis E. Ransdell, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

STATON, Presiding Judge.

Robert A. Voss appeals his conviction by a jury of Burglary, a class C felony.[1] We have restated the issues presented[2] for review as follows:

---

1. IC 1976, 35–43–2–1 (Burns Code Ed.).

2. In his brief Voss expressly waives his claim of error in the giving of State's Instruction Number Five (5), thus we do not address the issue.

(1) Was the evidence sufficient to support Voss's conviction of burglary?

(2) Did the trial court err in giving the State's Instruction Number Nine (9)?

Affirmed.

1.

Sufficiency

Voss's third and fourth claims of error, which we combine, are that the evidence was insufficient for and contrary to a finding of guilt.

■■■ It is well settled that when reviewing the sufficiency of the evidence, this Court will neither weigh the evidence nor judge the credibility of witnesses. In considering the evidence most favorable to the State, we will not disturb the judgment if there was substantial probative evidence on each element of the crime from which the jury could find the defendant guilty beyond a reasonable doubt. *Smith v. State* (1982), Ind., 429 N.E.2d 956, 957. A burglary conviction may rest upon circumstantial evidence, *Eaton v. State* (1980), 274 Ind. 73, 408 N.E.2d 1281, 1283, and such evidence need not exclude every reasonable hypothesis of innocence as long as an inference may reasonably be drawn therefrom which supports the findings of the trier of fact. *Ballard v. State* (1982), Ind., 438 N.E.2d 707, 709.

■■■ The evidence, some of it circumstantial, which supports the findings of the jury shows that on July 21, 1982 South Bend police responded to an alarm at the K & L Machine Company. When they arrived, the officers found the building surrounded by a locked, chain link fence topped with barbed wire. Shortly, Thomas Stanton, an employee and Director of K & L arrived to unlock the gate so the officers could enter and investigate. They found an overhead door partially open. During the trial, Stanton testified that the door is not normally left open at the close of the work day, but he didn't know whether the door had, in fact, been closed and locked after work on July 20, 1982.

The police raised the door further and entered with a K-9 dog to search the building. On the second floor they found William Mathney hiding among some boxes. At about the same time as Mathney was apprehended, the defendant, Robert Voss walked out of the building through the overhead door. Voss was stopped at gun point by Corporal Austin Davis. As Davis handcuffed Voss, he noticed that Voss's hands were cut and bloodied.

Further investigation of the building revealed that a coffee machine in a snack room had been pried open, and the contents of the coin box emptied into a sack found on a table. A Coke machine in the room also had pry marks on it but had not been opened. Officer Davis testified that he noticed blood on the Coke machine. A few days after the burglary, a tire iron was found in a pile of boxes near the door at K & L.

From these facts the jury could reasonably infer that Voss broke and entered the K & L premises with the intent to commit theft. In a similar fact situation, *Lisenko v. State* (1976), 265 Ind. 488, 355 N.E.2d 841, the Indiana Supreme Court found sufficient evidence to support a conviction for entering to commit a felony, where a steel door to a business had been pried open at 4:00 a.m., defendants were found inside with their hands raised, and two pry bars were found inside the building.

■■■ Mathney testified that he and Voss had been driving around together drinking when Mathney asked Voss to stop the car. He said he had the sudden idea to go into K & L to get money, that Voss followed him into the building only to try and persuade him to leave, and that it was he, Mathney, who pried open the machine and removed the money. The jury was entitled to disbelieve this testimony. *McBrady v. State* (1984), Ind., 459 N.E.2d 719, 723. While mere presence at the scene of a crime is not enough to show a person's participation in a crime, a trier of fact may consider presence with other evidence to infer participation. *Harris v. State* (1981), Ind., 425 N.E.2d 154, 156. If

the jury finds such complicity, the accomplice can be criminally held for everything done by his confederates. It is not necessary for the State to prove that the accomplice participated in each element. *Id.*

There was ample evidence, albeit largely circumstantial, from which the jury could have found that Voss was indeed a participant with Mathney in the burglary and guilty as charged.

### 2.

### Instruction on Aiding and Inducing

Voss contends the trial court committed reversible error in giving State's Instruction Number Nine (9) over his objection. Although we hold that Voss has waived this alleged error as a basis for reversal, we shall address his arguments on this issue:

State's Instruction Number Nine (9) read:

> "When participants in burglary act in unison, any act of one is attributable to all, and it is immaterial whether defendant personally broke or took anything of value, if evidence was sufficient to establish that his confederates did or intended to do so."

Voss argues first that the instruction was an incorrect and incomplete attempt to inform the jury of the basis of liability for aiding and inducing and as such tended to be misleading and confusing to the jury. His counsel's specific objection, in pertinent part, read:

> "I believe it's [*sic*] an inarticulate attempt in informing the jury as to the crime of aiding or inducing, and we think the statute definition of the aiding or inducing should be given in conjunction with this instruction so as not to mislead."

▄▄▄▄ Assuming for the moment that Voss's objection is broad enough to encompass the points he argues on appeal,[3] we first address Voss's contention that the instruction failed to define the "offense" of aiding or inducing. Initially we point out that "Aiding, Inducing, or causing an offense," IC 1976, 35-41-2-4 (Burns Code Ed.), is not a separate offense but is, in fact, a basis of liability for an underlying offense. *Hoskins v. State* (1982), Ind., 441 N.E.2d 419, 425. Voss errs, therefore, when he characterizes aiding and inducing as a separate offense requiring an additional jury instruction on the elements and culpability requirements thereof. Where the elements, including "knowingly or intentionally", of the underlying offense have been set forth in an instruction, the jury has been sufficiently informed of the culpability requirement without such an instruction regarding aiding or inducing. *Deppert v. State* (1929), 200 Ind. 483, 164 N.E. 626, 627. The court read to the jury State's Instruction Numbers One (1) and Two (2) which set forth the elements of burglary and of theft respectively.[4] When all the instructions are read together as a whole, as they must be, *Fitch v. State* (1981), Ind.App., 428 N.E.2d 1374, 1378-79, the jury was informed that Voss's conduct must have been knowing and intentional in order for him to be guilty of burglary.

Voss argues further that the jury's understanding of the law was incomplete

---

**3.** Ind. Rules of Procedure, Criminal Rule 8(B), "No error with respect to the giving of instructions shall be available as a cause for new trial or on appeal, except upon the specific objections made as above required."

**4.** State's Instruction Number One:
> "You are instructed that the essential elements of burglary as charged in this case are that the defendant:
> broke and
> entered
> a building or structure
> of another person

> *with the intent* to commit a felony in it, in this case, Theft."
> (Emphasis added.).

State's Instruction Number Two:
> "You are instructed that the essential elements of theft are:
> *knowingly*
> exerting
> unauthorized control
> over the property
> of another person
> *with the intent* to deprive the other person of the value or use of that property."
> (Emphasis added.)

because they were not informed that negative acquiescence in the commission of an offense is insufficient to render a person guilty as an accomplice. We fail to understand Voss's contention here because his own Instruction Number Three (3)[5] covering this very point was given to the jury.

Even if the foregoing arguments had merit we would be constrained to find that Voss waived any error by failing to tender written instructions. It is well settled that a party may not complain on appeal that the trial court failed to instruct on some point of law if the objecting party did not tender a written instruction covering that point. *Begley v. State* (1981), Ind., 416 N.E.2d 824, 827. In construing the former statute IC 1976, 35–1–35–1 (Repealed by Acts 1981, P.L. 298 § 9),[6] the pertinent portion of which is almost identical to the current statute, IC 1984, 35–37–2–2 (Burns Code Ed., Supp.), cited by Voss, the Indiana Supreme Court stated:

> "this does not relieve appellant from tendering the desired instruction when the court has not instructed as fully as the appellant desired. Appellant cannot remain quiet after knowing the court has omitted an instruction and afterward claim error." (Citations omitted.)

*Miller v. State* (1978), 267 Ind. 635, 372 N.E.2d 1168, 1171. That the instruction must be in writing is clear from the further portion of the statute which Voss did not cite in his brief,

> "(6) If the prosecuting attorney, the defendant, or his counsel desires special instructions to be given to the jury, these instructions must be:
>
> (A) Reduced to writing;
>
> (B) Numbered;

(C) Signed by the party, or his attorney, who is requesting the special instruction: and

(D) Delivered to the court; before the commencement of the argument."

IC 35–37–2–2(6).

Defense counsel's assertion on the record that, "we think the statute definition of aiding or inducing should be given...." certainly did not meet the statutory requirement of tendering a written instruction. Any error predicated upon a deficiency in the instruction was, therefore, waived.

Finally, Voss contends that Instruction Number Nine invades the province of the jury by assuming that a burglary was already proven and that Voss acted as a confederate with someone. In determining whether a particular instruction invades the province of the jury, the test is whether the court intimates its opinion as to the credibility of witnesses or the weight to be given testimony. *Deppert, supra,* 164 N.E., 627. We agree with the State that a fair reading of the instruction does not reveal such impermissible comments by the trial court and we find Voss's argument to be without merit.

Affirmed.

GARRARD, J., concurs.

BUCHANAN, C.J. (by designation), concurs.

---

5. Defendant's Instruction Number Three:

> "It is the law in the State of Indiana that the mere presence of a person at the scene of a crime is not sufficient evidence to sustain a conviction of that person for aiding or inducing the commission of a crime. Further, it is the law in the State of Indiana that negative acquiescence is not enough to constitute a person guilty of aiding or inducing the commission of the crime."

6. IC 35–1–35–1:

> "In charging the jury the court must state to them all matters of law which are necessary for their information in giving their verdict. If he present the facts of the case he must inform the jury that they are the exclusive judges of all questions of fact, and that they have a right, also, to determine the law."