ENSOR ET AL. v. BENNETT, SUPERINTENDENT, ET AL.

[No. 11,134.   Filed October 13, 1921.]

1. EVIDENCE.—*Judicial Notice.*— *Prior Decision of Court.*— Where the court on appeal has rendered a decision in a prior case, which is pertinent to the case under consideration, and vital to its determination, it will take judicial notice of its opinion therein.   p. 467.

2. DRAINS.—*Construction.*—*Injunction to Prevent Sale of Lands for Delinquent Assessments.*— *Right to Relief.*— *Statutes.*— Where, in a drainage proceeding, proper steps were not taken to cause the issuance of bonds payable in installments as required by §6145 Burns 1914, Acts 1909 p. 431, so that assessments were not due and delinquent because of such irregularity in the proceeding, a sale of lands as delinquent cannot be enjoined and the lien of record satisfied because of §§6144a-6144c Burns 1914, Acts 1913 p. 931, limiting the time in which an action may be brought to enforce the lien of a drainage assessment to five years after the assessment or last installment thereof has been due and payable, providing for the expiration of such liens, after such period has elapsed and for releasing of record assessments on expiration of the lien thereof.   p. 468.

From Spencer Circuit Court; *Marshall R. Tweedy,* Special Judge.

Action by James H. Ensor and others against Hilbert Bennett, superintendent, and others.   From a judgment for defendants, the plaintiffs appeal.   *Affirmed.*

*Arch Stevenson* and *Elbert M. Swan,* for appellants.
*William M. Smith, William A. McCullough* and *Benjamin F. Huffman,* for appellees.

NICHOLS, P. J.—This appeal involves the same drainage proceeding as in the case of *Tower* v. *Bennett, Supt.* (1921), *ante,* 464, 132 N. E. 378 decided at this

1.  term, the parties appellant in this appeal being the parties appellant or grantees of parties appellant in the Tower appeal.   In that case it was the theory of appellant that the steps taken by appellees as public officers for the sale of their respective tracts of

land were unlawful, and for that reason should be enjoined and that such public officers should be required to take steps necessary to procure to the appellants the privilege of paying their assessments and apportionments in installments, and to cause bonds to be issued as required by §6145 Burns 1914, Acts 1909 p. 431. Appellants' contention in that case has been sustained by this court and the court will take judicial notice of its opinion therein as that judgment is vital to the determination of the present action.

The theory of the present action, is that the steps taken by the public officers for the sale of appellants' land were legal, except for the provision of

2. §6144a Burns 1914, Acts 1913 p. 931, wherein it is provided: "That no action shall be brought or maintained in any of the courts of this state to foreclose or enforce the liens of any assessments for any levee, ditch or drain   *   *   *   in a case where said assessments or the last installment thereof has been due and payable over five years."   Appellant contends that such five years have expired and seeks therefore to enjoin the sale and to mandate the auditor of the county to satisfy the lien of the assessment as provided in §6144c Burns 1914, Acts 1913 p. 931.   But, as determined in the other appeal, the proper steps not having been taken, the assessments were not due or delinquent.   It therefore follows that five years have not elapsed since such assessments became due and appellants cannot prevail in their contention that the sale should be enjoined and the lien satisfied of record, because of provisions in §§6144a-6144c, *supra*.   The further duties of appellee Bennett as commissioner in charge are fully set out in the case of *Tower* v. *Bennett, Supt., supra*, and need not be set out herein.   The trial court having adjudged in this case that the auditor of Spencer county do not satisfy or release of record appellants'

respective assessments, and the injunctive relief sought being only ancillary to the prayer for such release of liens, the judgment of the trial court must be and is affirmed.