APPLE; OAKES *v.* GREENFIELD BANKING COMPANY,
TRUSTEE ET AL.

[No. 1069S262. Filed February 2, 1971. Petition for rehearing denied March 12, 1971.]

*Marvin E. Clanin,* of Anderson, *Thaddeus R. Spurgeon,* of Oaklandon, for appellants.

*William D. Hall, DeWester, Raftery, Andrews & Hall,* of Indianapolis, for appellees.

ARTERBURN, C.J.—This is an appeal from a nunc pro tunc entry made by the trial court to correct an alleged error in the transfer of real estate, as provided in the 32nd and final report of the Greenfield Banking Company, Trustee under the last will and testament of Mary Edna Addison, deceased. The final report was approved on the 27th day of November, 1967.

It seems from the rather complicated and confusing facts in this case that a tract of 109.63 acres of land which was

owned by Mary Rose Apple in fee simple as a result of the settlement of a will contest was erroneously included in the final distribution of land in which she took a life interest only. The purpose of the nunc pro tunc entry was to correct this claimed error.

Five errors are assigned on this appeal, along with cross-errors, which we will discuss later.

It is argued that the nunc pro tunc entry in this case making the correction was in error because there was no supporting memorandum or record existing at the time the report was approved to support the court's corrective action. However, the appellee points out that the trustee, in its final report, asked that the distribution be made in accordance with a certain judgment entered January 28, 1964, in Cause Number 31737 in the Hancock Circuit Court, which was made a part by reference thereto in the final report. The actual order of distribution was not in accordance therewith because of the error with reference to the 109.63 acres of land referred to above. In our opinion this reference to this judgment was sufficient memorandum for the trial court to base a correcting entry nunc pro tunc, after a hearing at which testimony was heard and none was offered by the opposing parties. *Neuenschwander* v. *State* (1928), 200 Ind. 64, 161 N. E. 369.

The appeal comes within the statute providing for appeals to this Court on interlocutory orders, since the nunc pro tunc entry ordered that deeds be made to correct the alleged error. Burns' Ind. Stat. Anno. § 2-3218 (1968 Repl.) provides, in part, for appeals to the Supreme Court of interlocutory orders: ". . . to compel the execution of any instrument of writing, or the delivery or assignment of any securities, . . ."

Assignment of error number 2 states: "The court erred in overruling appellant's petition to require withdrawal of attorney." Appellant in his brief, however, states:

"While it is true that appellants have assigned as their second assignment of errors, the overruling of their petition to require the withdrawal of William D. Hall as counsel for appellees, this appeal should not be considered as an appeal from that decision."

This is stated by appellants in answer to appellees' motion to dismiss on the ground that such an interlocutory order is not appealable, and if it were appealable, more than 30 days had elapsed before the appeal was taken after the court ruled on such matter on January 9, 1969.

We therefore pass on to the next assignment of errors alleged, which is: "The decision is not sustained by sufficient evidence and is contrary to law." We have previously stated that the appellants offered no evidence to meet the evidence presented before the trial court for the nunc pro tunc entry. No specification is made wherein specifically the evidence is insufficient or contrary to law. The argument follows the general tenor that the final report was approved and there is no evidence to the contrary. In our opinion, the evidence amply supports the trial court's finding that through inadvertence and error a transfer of a tract of real estate had been erroneously made and should be corrected.

The fourth assignment of error is that the court overruled an objection of the appellants to a question propounded during the direct examination of attorney Richard T. Lineback. The question and objection are as follows:

"Q. Well was there any property that was included in the deeds that were conveyed to the vested remaindermen that was not in accordance with the judgment?"

The objection to the question was:

"To which the defendants will object, your honor, because the Court has taken judicial knowledge of these documents and the records speak for themselves."

The witness' answer was:

"I understand that there was."

The court's remarks thereto were as follows:

> "Well I know but here—they are getting into a matter here that even if I take judicial knowledge of it I might not be able to be aware of it in the records. I'm going to let him answer. Overruled. Go ahead."

We can find no error in the court's endeavor in this case to ferret out the exact nature of any inadvertence or error. The court takes judicial knowledge of its own records. There is also a principle of law to the effect that the court may hear evidence in order to inform itself of matters of which it takes judicial knowledge. *Consumers Co.* v. *Ruble* (1919), 69 Ind. App. 617, 122 N. E. 607; *Department of Insurance* v. *Schoonover* (1947), 225 Ind. 187, 72 N. E. 2d 747. Wigmore states:

> "Pending decision as to judicially noticing a matter and stating the terms as noticed, the judge may *seek sources of information* to assist him." IX Wigmore on Evidence, 3rd Ed., § 2568a.

In some cases the court may hear expert and scientific testimony to inform itself as to matters of which it takes judicial notice. We find no error in the court's actions in this case.

It appears in the record that appellants filed objections to the 32nd and final report, which was approved on November 27, 1967. The objections were filed on January 24, 1969. We do not have this matter before us for consideration on this appeal.

The appellees have filed a motion to dismiss or affirm herein because of alleged late filing of the appeal. The appellees have also filed cross-errors herein, based on the contention that nunc pro tunc entries should not have been permitted under the writ of certiorari to correct the record so that dates would properly be stated with reference to the formalities as to the filing of this appeal. In view of the decision we have reached here on the merits, we think it is unnecessary to discuss these other issues presented.

The appeal of the appellants herein is denied and the nunc

pro tunc order of the trial court, from which this appeal is taken, is affirmed.

Givan and DeBruler, JJ., concur; Hunter, J., concurs in result; Prentice, J., not participating.

NOTE.—Reported in 266 N. E. 2d 13.