THOMAS E. SMITH *v.* STATE OF INDIANA.

[No. 1076S352. Filed August 24, 1977.]

Harriette Bailey Conn, Public Defender of Indiana, K. Richard Payne, Deputy Public Defender, for appellant.

Theodore L. Sendak, Attorney General, Robert L. Clegg, III, Deputy Attorney General, for appellee.

DeBruler, J.—Appellant appeals the summary denial of his petition for post-conviction relief.

On December 7, 1972, appellant was charged by information with kidnapping. Ind. Code § 35-1-55-1 (Burns 1975). On March 2, 1973, appellant entered a plea of not guilty and the trial was set for October 30, 1973. On October 26, 1973, appellant was charged by information with commission of a felony while armed (kidnapping). Ind. Code § 35-12-1-1 (Burns 1975). On October 30, 1973, appellant was tried by jury and found guilty on both charges. He was sentenced to

life imprisonment for kidnapping and thirty years for armed kidnapping.

On February 3, 1976, appellant filed a petition for post-conviction relief under Ind. R. P.C. 1. Appellant alleged that his conviction for kidnapping violated his right to a speedy trial under Ind. R. Crim. P. 4(A) in that he was not tried for that offense within the six-month period prescribed by the rule that the armed kidnapping prosecution was also barred by the same rule because the State possessed the information necessary to charge that offense contemporaneously with the kidnapping charge. At the time of appellant's trial the rule provided for discharge as a remedy and has since been amended in this regard. *State ex rel. Dull v. Delaware Circuit Court,* (1973) 261 Ind. 248, 301 N.E.2d 519.

The trial court denied the petition summarily pursuant to Ind. R.P.C. 1, § 4(f) which permits such disposition where "there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Neither party moved for summary disposition under section 4(f). However both parties have assumed that the trial court could properly deny the petition summarily absent any genuine issue of material fact, and we shall do so also.

I

In denying the petition, the trial court expressly found that appellant appeared in person and with counsel at the setting of the October 30 trial date and had made no objection, although October 30 was more than six months from the date of the trial setting. Undue delay in violation of the requirement of Criminal Rule 4 does not occur when a trial date is set beyond the six month limit of the Rule and the accused does not call the court's attention to such fact. *Hodge v. State,* (1976) 264 Ind. 377, 344 N.E.2d 293. The finding was based upon the record of the original prosecution. Appellant contends that the court could not take

judicial notice of matters contained in such record. In *Jackson* v. *State*, (1975) 264 Ind. 54, 339 N.E.2d 557, this Court held that in a post-conviction relief proceeding in which the petitioner seeks to establish ineffective representation, the transcript of the evidence of the original trial may not be judicially noticed. A different rule has developed with regard to the record of proceedings in the original prosecution, and it appears that the trial court in a post-conviction proceeding may take judicial notice of that record.[1] Indiana Code § 35-10-2-2 (Burns 1975) provides that in proceedings for writs of error coram nobis, the trial court shall take judicial notice of its own record in the original prosecution and of the decision on appeal. Despite the abolition of coram nobis, the statute has not been superseded, but has been applied by this Court to proceedings under the post-conviction remedies rules. In *Davis* v. *State*, (1975) 263 Ind. 327, 330 N.E.2d 738, 742, we applied that part of the statute requiring notice to be taken of the appellate decision to a proceeding under Ind. R.P.C. 1. In *Brandon* v. *State*, (1975) 264 Ind. 177, 340 N.E.2d 756, 759, we held that a trial court ruling upon a motion for summary judgment on a petition under Ind. R.P.C. 2 (permission to file belated motion to correct errors) could rely upon the record of the original prosecution to determine the petitioner's diligence, relying on section 35-10-2-2. Here the trial court relied upon entries relating to appellant's arraignment and trial setting. It could properly rely upon those entries.

## II.

Appellant next urges that even if the trial court could probably notice its own record, there exists matters extraneous

---

1. In general a court may take judicial notice of its own proceedings, *Apple* v. *Greenfield Banking Co.*, (1971) 255 Ind. 602, 266 N.E.2d 13; *Wabash Ry. Co.* v. *City of Gary*, (1921) 191 Ind. 394, 132 N.E. 737, but not of evidence received in a separate proceeding. *City of Hammond* v. *Darlington*, (1961) 241 Ind. 536, 173 N.E.2d 662. (On rehearing).

to such record which nonetheless present a "genuine issue of material fact" and require an evidentiary hearing. Appellant alleges that his trial counsel did not advise him of the right afforded by Criminal Rule 4 and compromised that right without consulting him. The rule as construed by this Court requires the accused to voice an objection to a trial setting beyond the time limitation of the rule. Both appellant and his trial counsel stood before the court at the trial setting and could have complained about it. Appellant heard what was going on and therefore had actual knowledge of the trial date and had opportunity to consult with counsel about it. It was fair therefore to apply the "objection" requirement of the rule in appellant's case. *Easton* v. *State*, (1972) 258 Ind. 204, 280 N.E.2d 307. The conclusion is buttressed upon consideration of the protection afforded by the rule at the point at which a trial setting is made. The protection takes on a different character at such point in response to the various interests of parties, witnesses and the court which converge for the moment and require reconciliation. At such point the rule protects against undue delay in the trial, and a trial set and taking place beyond the specific time limit in it is not per se violative of that protection. *Bryant* v. *State*, (1973) 261 Ind. 172, 301 N.E.2d 179. Moreover, to a degree, the accused can appreciate the manner in which suggested trial dates may affect his own convenience, the convenience of defense witnesses, and his other legitimate interests. And finally, the trial date set, while firm, is subject to being changed upon motion in the discretion of the court. Ind. R. Tr. P. 53.4; Ind. R. Crim. P. 4(B). We, therefore, hold that the issues of actual consultation and consent were not material to the disposition of appellant's post-conviction petition and no hearing on those issues was required to be held.

Appellant also presents a challenge to findings of the trial court concerning congestion of the court calendar at the time of the setting of the trial date. The finding sustained is independently sufficient to support the summary disposition of

appellant's petition. It is therefore, unnecessary to consider this further challenge. *Reilly* v. *Robertson,* (1977) 266 Ind. 29, 360 N.E.2d 171.

## III.

We note, however, that appellant was convicted both of kidnapping and armed kidnapping. For the reasons explained in *Coleman* v. *State,* (1975) 264 Ind. 64, 339 N.E. 2d 51, 56, the judgment and sentence upon the conviction of armed kidnapping must be vacated.

The judgment of the trial court denying appellant's petition for post-conviction relief is affirmed as to the conviction of kidnapping. The judgment as to the conviction of armed kidnapping is reversed and remanded to the trial court with instructions that the judgment and sentence thereon be vacated.

Givan, C.J., Hunter, Prentice and Pivarnik, JJ., concur.

NOTE.—Reported at 366 N.E.2d 170.