MATTHEW WILLIAMS *v.* STATE OF INDIANA.

[No. 876S240. Filer August 29, 1977.]

*Paul T. Cholis*, of South Bend, for appellant.

*Theodore L. Sendak*, Attorney General, *David L. Steiner*, Deputy Attorney General, for appellee.

PRENTICE, J.—Defendant (Appellant) was convicted of murder in the first degree (felony), Ind. Code § 35-13-4-1 (Burns 1975) and of armed felony (robbery), Ind. Code § 35-12-1-1 (Burns 1975). He was sentenced to life imprisonment upon the murder count and to imprisonment for a term of thirty (30) years upon the armed felony court, the latter sentence to commence at the expiration of the former. His appeal to this Court presents the following issues:

(1) Validity of the imposition of consecutive sentences.

(2) Entitlement to a jury instruction upon lesser included offenses.

(3) Validity of the court's instruction as to the statutory penalty applicable to a charge of first degree (felony) murder.

(4) Validity of the prosecution commenced by information rather than by grand jury indictment.

## ISSUE I

The sentence upon the armed felony count must be vacated. Consecutive sentences may not be imposed unless specifically authorized by statute. *Baromich* v. *State,* (1969) 252 Ind. 412, 249 N.E.2d 30; *Franks* v. *State,* (1975) 262 Ind. 649, 323 N.E.2d 221; *Coleman* v. *State,* (1975) 264 Ind. 64, 339 N.E.2d 51.

The armed felony statute provides for consecutive sentences for *additional crimes* being attempted or committed at the same time; however, the murder for which the defendant stands convicted cannot qualify as an "additional crime," within the purview of that statute.

In *Thompson* v. *State,* (1973) 259 Ind. 587, 290 N.E.2d 724, we held that before a court could impose sentences upon multiple counts, the facts giving rise to the various offenses must be *"independently supportable,* separate and distinct." (Emphasis ours). This is a double jeopardy matter and is applicable without regard to whether or not a sentence for one may run consecutively to the sentence for the other. Obviously, if a concurrent sentence is precluded out of considerations of jeopardy, a consecutive sentence would also be prohibited. The subsidiary crime in both the felony murder count and the armed felony count was one and the same robbery. The robbery, therefore, was an essential ingredient of each, and a conviction or an acquittal upon either count would have barred a subsequent trial upon the other. A prosecution for any part of a single crime bars any further prosecution based upon the whole or a part of the same crime. *Jackson* v. *State,* (1860) 14 Ind. 271.

The State suggests that the defendant was convicted of traditional first degree murder, inasmuch as the evidence supported inferences of purpose and malice, and it argues that inasmuch as the murder conviction, in that context, was supportable without recourse to the elements of the armed felony (robbery) the murder was an offense in addition to the armed robbery.

The charge, however, was not one of traditional first degree murder. Rather, it was first degree (felony) murder, and that was the only offense for which he could have been convicted under such count.

## ISSUES II, III and IV

The defendant's brief herein was prepared prior to our decision in *Fair* v. *State,* (1977) 266 Ind. 380, 364 N.E.2d 1007, in which we held subsection (b) of Ind. Code § 35-13-4-1 (Burns 1975) was unconstitutional, but that indictments designed to charge under subsection (b) were, nevertheless, valid as charges under subsection (a) but with surplusage subject to being stricken. That holding is dispositive of Issues II, III and IV hereinbefore recited.

The defendant has not complied with Ind. R. Ap. P. 8.3 requiring refused instructions to be set forth verbatim in the brief. In fact, it does not appear from the briefs that an included offense instruction was tendered. Notwithstanding such waivers, we shall comment upon the merits of this assigned error, i.e. the refusal of the court to give an included offense instruction.

The information under which the defendant was tried was a valid charge of felony murder under subsection (a) of the statute. The allegations concerning prior unrelated burglary convictions were surplusage. The defendant concedes that there are no lesser degrees of felony murder and that the authority is to the effect that such instructions are not required in felony murder cases. We have recently indicated that under some circumstances, a lesser included offense instruction might be appropriate. *Hester* v. *State,* (1975) 262 Ind. 284, 315 N.E.2d 351; *Whitten* v. *State,* (1975) 263 Ind. 407, 333 N.E.2d 86; *Cade* v. *State,* (1976) 264 Ind. 569, 348 N.E.2d 394. Such circumstances are not present in this case.

It is the defendant's contention that he was entitled to such an instruction, notwithstanding the aforementioned gen-

eral rule, in view of the charging affidavit and subsection (b) of the statute. As above stated, however, subsection (b) was void.

The defendant's objection to the court's instruction number 10, which advised of the life sentence penalty for felony murder, was premised upon the invalid portion of the statute, i.e. subsection (b). In view of our determination of invalidity as to that portion of the statute, the objection has no foundation.

The defendant's contention that his prosecution could be commenced only by grand jury indictment was also premised upon the wording of subsection (b) of the statute. It is also moot in view of the unconstitutionality of that subsection.

The cause is remanded to the trial court with instructions to vacate the judgment and sentence upon the count of armed felony (robbery). The judgment upon the count of first degree (felony) murder is affirmed.

Givan, C.J. and Hunter and Pivarnik, JJ., concur; DeBruler, J., concurs in result.

NOTE.—Reported at 366 N.E.2d 642.