**Thomas E. SMITH, Petitioner,**

v.

**Jack R. DUCKWORTH, Warden;
Indiana Attorney General,
Respondents.**

No. S 86–85.

United States District Court,
N.D. Indiana,
South Bend Division.

April 4, 1986.

Thomas E. Smith, pro se.

Michael A. Schoening, Deputy Atty. Gen., Indianapolis, Ind., for respondents.

## MEMORANDUM AND ORDER

ALLEN SHARP, Chief Judge.

This action is before this court on a petition for federal writ of habeas corpus pursuant to 28 U.S.C. § 2254, filed by the petitioner, Thomas E. Smith, an inmate incarcerated at the Indiana State Prison, Michigan City, Indiana. The matter is before this court on respondents' motion to dismiss filed as a part of their Return to Order to Show Cause. Both sides having briefed the issues, the matter is now ripe for ruling. In 1973, petitioner was convicted of kidnapping and commission of a felony while armed by a jury. He received a life sentence for kidnapping and thirty (30) years for armed kidnapping. Both parties state that petitioner appealed the conviction and that the conviction was affirmed. On February 3, 1976, petitioner filed a *pro se* petition for post-conviction relief which was denied by the trial court. Petitioner appealed the denial and the denial was affirmed in an unanimous opinion by the Supreme Court of Indiana located at *Smith v. State*, (1977), 266 Ind. 633, 366 N.E.2d 170. In the Supreme Court of Indiana's opinion the court ordered the judgment and sentencing of the conviction for armed kidnapping vacated. Petitioner then filed a habeas corpus petition with this court raising the same issue he raised in the state courts. This court issued a memorandum and order dated February 28, 1978, denying petitioner's writ. Petitioner appealed the decision and the Seventh Circuit affirmed this court on May 1, 1978.

The record is unclear as to the exact dates but at some time in 1982 petitioner requested a copy of his original trial transcript. Both parties agree that at some point in 1982 the Supreme Court of Indiana ordered that the Public Defender's Office either provide petitioner with a photocopy of his transcript or allow him to use the original transcript under the direct supervision of the deputy public defender. Both parties also agree that a deputy public defender visited petitioner at the Indiana Reformatory in November 1982 and brought a transcript of the trial. Whether the tran-

script was the original or a copy is in dispute, as is the conversation that took place. However, the parties do agree that the public defender agreed to represent petitioner in a post-conviction relief (PCR) petition. Both parties state that petitioner was told since he was utilizing the Public Defender's Office for representation in his PCR proceeding that he would not be given a copy of the transcript for his own use.

Petitioner claims he has neither received a copy of the transcript nor been granted an interview or any further representation by the Public Defender's Office concerning his PCR in over three years. The respondents do not dispute his statement. Petitioner also claims that he has sent several letters to the Public Defender's Office inquiring about an interview for his PCR or requesting a copy of the transcript with no response from the public defender's office.

■ The claim petitioner brings before this court is that he has been denied due process and equal protection of the law contrary to the Fourteenth Amendment. He contends that the Supreme Court of Indiana in utilizing the Public Defender's Office as the vehicle in which to provide petitioner a copy of his transcript violated his constitutional right to due process. Petitioner contends that *Lane v. Brown*, 372 U.S. 477, 83 S.Ct. 768, 9 L.Ed.2d 892 (1963), found such practices by the Indiana courts to be unconstitutional and therefore, the Supreme Court of Indiana's order that petitioner receive a photocopy of his transcript from the Public Defender's Office clearly violated his constitutional rights as enunciated in *Lane v. Brown*. Respondents contend that petitioner is solely responsible for his denial of access to the transcript of his trial since he agreed and sought the assistance of the Public Defender's Office to prosecute his PCR.

This case is quite distinguishable from *Lane v. Brown, supra.* In *Lane* the rules in operation at that time required the public defender to represent all indigent people. If the public defender determined that there was merit in an appeal he would procure a transcript of a *coram nobis* hearing and perfect the appeal. Jurisdiction to

hear an appeal was not conferred for a writ of error *coram nobis* upon the appellate courts until such time as a transcript was filed. Therefore, an indigent petitioner did not have a right to an appeal as one who could pay for the transcript, merely because of his indigency. The Supreme Court ordered Lane be released unless he was provided an appeal on the merits within in a reasonable time. The failure to provide Lane with a transcript actually prevented him from availing himself of the right to file an appeal. *See also Sutton v. Lash*, 576 F.2d 738 (7th Cir.1978). In *Sutton*, two inmates sought to appeal their convictions making timely requests for the transcript of their trial and making their desire to appeal known. The county board of commissioners had destroyed the stenographic notes as well as other essential matters of the trial. Absent a transcript there was no possibility of an appeal. The inmates had made numerous attempts via formal motions and letters, to obtain a transcript and appeal the convictions. They were continually denied the transcripts and the appeal. The post-conviction relief was rendered unavailable by the Indiana practice later declared unconstitutional in *Lane*. The federal habeas corpus writ was granted and the state court was directed to vacate the judgment and grant a new trial.

In the case before this court, petitioner and respondents state that petitioner made a direct appeal and a post-conviction collateral attack on his conviction. A transcript is available for petitioner's use. The petitioner filed a request with the Supreme Court of Indiana for a photocopy of this transcript and the Supreme Court of Indiana ordered he be provided with a copy or permitted use of the original under the direct supervision of the Public Defender's Office. The Court granted the relief petitioner requested. Petitioner admits that he was given the option of pursuing a post-conviction appeal, *pro se,* or by representation of the Public Defender's Office, and he chose to have the Public Defender's Office represent him. It is the petitioner's position that since the Supreme Court of Indi-

ana ordered the Public Defender to provide a copy of the transcript, the Court followed procedures which have been held unconstitutional. The procedures held unconstitutional in *Lane* and the procedure the Supreme Court of Indiana utilized in providing a transcript for the petitioner are significantly different.

Petitioner obtained the very relief he requested from the Supreme Court of Indiana, an order providing him with a copy or use of his transcript to prepare a post-conviction petition. The petitioner even admits that he desired the Public Defender's Office to represent him in his post-conviction proceedings and that they retained the transcript copy in order to prepare for the proceedings.

It is readily apparent that the breakdown occurred because the Public Defender has failed to follow up on their agreement to represent the petitioner in his collateral attack on his conviction. This breakdown causes great concern for this court. Petitioner sought his transcript in 1982, and according to the respondents, the order to provide a transcript was issued in August 1982, ordering the public defender to provide the transcript or allow petitioner to utilize the original on or before November 22, 1982. Respondents have said that the Public Defender's office obtained the original transcript on November 19, 1982, and on November 24, 1982, met with the petitioner. It was at that time, the parties agreed that the Public Defender's Office would represent petitioner. The deputy public defender then retained the copy of the transcript for purpose of working on the collateral attack. Petitioner claims that he sent several letters to the Public Defender's Office requesting an interview, assistance in the case, or access to the record. He states that he received no reply and has received no action on his case via the Public Defender's Office, to date. The respondents do not deny the petitioner's statements presented in affidavit form, nor do the respondents present any evidence to the contrary. Thus, this court must assume that the petitioner did in fact seek the assistance of the Public Defender's Office or a copy of his transcript from the Public

Defender's Office in order to prepare his post-conviction petition.

■ The procedures utilized by the Supreme Court of Indiana in this case are not the procedures held to be unconstitutional in *Lane.* Yet petitioner has been denied the right to his transcript for use in a post-conviction proceeding by the failure of the Public Defender's Office to either provide a copy of the transcript for the petitioner's use or assistance in his post-conviction proceedings. Although petitioner could at any time have filed a *pro se* petition, the Public Defender's Office agreed to represent him and there is no reason to expect or require the petitioner to have acted on his own, especially in light of the fact that he could not obtain the transcript to prepare his post-conviction pleadings.

The Supreme Court in *Griffin v. Illinois,* 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956), held that a State with an appellate system which made available trial transcripts to those who could afford them was constitutionally required to provide "means of affording adequate and effective appellate review to indigent defendants." And in *Smith v. Bennett,* 365 U.S. 708, 81 S.Ct. 895, 6 L.Ed.2d 39 (1961), the Supreme Court extended the principle to state post-conviction proceedings. The State of Indiana has provided a post-conviction proceeding available to convicted defendants, as well as the direct appeal process. In fact, petitioner here has availed himself of both procedures relating to this conviction, and was represented by counsel both times (albeit raising different issues). Respondents have not indicated that petitioner is precluded from pursuing any further post-conviction proceedings, or that the same is unavailable to him. It is the petitioner's desire to pursue his post-conviction remedies.

The Supreme Court of Indiana granted petitioner's request for a transcript and ordered the Public Defender's Office to provide a copy or use of the transcript to the petitioner without any of the conditions as found in *Lane.* The Public Defender's Office has failed to either comply with

their agreement to represent the petitioner in his post-conviction attempts or to comply with the petitioner's request for a copy of the transcript per the order of the Supreme Court of Indiana. Furthermore, the respondents have offered no justification for the failure of the Public Defender's Office to comply with the agreement or request. Petitioner has been effectively denied his right to proceed on a collateral attack of his conviction through the state post-conviction proceedings.

Pursuant to Indiana law, I.C. § 33–1–7–2, the state public defender is required to represent any person confined in a penal institution due to a criminal conviction who is unable to financially employ counsel in *any* post conviction proceeding testing the legality of his conviction, commitment or confinement. (emphasis added) The statute does not require the state public defender to pursue a claim or defense if it is not warranted under law and cannot be supported by a good faith argument, or for any reason it lacks merit. *Id.* Even though the state public defender's office represented petitioner in one post-conviction proceeding through an appeal (of the denial), the state public defender's office is required to represent an inmate in any post-conviction proceeding unless the public defender finds that the petition is without merit or unwarranted. No such finding was made in this case, or at least if it was, it was never related to the petitioner. Neither did the public defender provide petitioner with a copy of his transcript as ordered by the Supreme Court of Indiana, whether that office determined there was or was not merit to the petition, nor did it take any steps to represent him in a post-conviction proceeding after indicating that the office would in fact represent him.

This court finds that the Supreme Court of Indiana ordered a copy of the transcript of the trial or access to the original copy be provided to the petitioner through the Public Defender's Office, and that such procedure did not violate petitioner's constitutional rights. This court also finds that the Public Defender's Office has either unduly delayed or hampered petitioner's efforts to file post-conviction proceedings without jus-

tification, violating petitioner's due process and equal protection rights. Therefore, this court hereby GRANTS petitioner's writ for federal habeas corpus.

Accordingly, it is the order of this court that respondents' motion to dismiss be and is hereby DENIED; that petitioner's petition for writ of habeas corpus be and is hereby GRANTED and petitioner is ordered DISCHARGED unless the State of Indiana provides petitioner with a copy of his transcript within 90 days.

SO ORDERED.