STATE of Indiana, Appellant
(Respondent Below),

v.

Garland HICKS, Appellee
(Petitioner Below).

No. 45A03-8704-PC-92.

Court of Appeals of Indiana,
Third District.

March 10, 1988.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellant.

Susan K. Carpenter, Public Defender, Pamela Beck, Deputy Public Defender, Indianapolis, for appellee.

STATON, Judge.

The State of Indiana appeals the decision of the post-conviction relief hearing court, which granted relief to Garland Hicks by vacating his conviction of murder and granting him a new trial. The PCR court *sua sponte* raised and concluded that a reasonable doubt existed as to Hicks' guilt.

The issues before us are:

I. Whether the PCR court erred in taking judicial notice of its own records?

II. Whether the PCR court erred in considering the credibility of witness Allen, a matter merely mentioned in the PCR petition but relevant to the issues it contained?

III. Whether the PCR court erred and exceeded its authority in concluding there is a reasonable doubt as to the petitioner's guilt?

IV. Whether the court's implied finding of ineffective counsel was erroneous?

Affirmed.

On September 22, 1978, appellee Garland Hicks was indicted for two counts of murder, along with co-defendants Aurelius J. Allen, Dirk Webster, and O.D. Webster. All were named on one indictment. Although Allen's statements supplied the basis for the indictment, Allen had made five (5) different statements, only naming Hicks as an accomplice in his last two statements.

In exchange for a consolidated sentence of six years, Allen agreed to testify against Hicks. Later he was told he must testify against Webster as well. At Hicks' trial in December of 1978, Allen's statements provided the evidence necessary for conviction, and, under cause number 4CR–202–978–865, Hicks was convicted of one count of murder and acquitted of the second count. He received a sentence of fifty years. Hicks appealed his conviction directly to the Indiana Supreme Court; they affirmed it, 426 N.E.2d 411.

Hicks then filed a petition for post-conviction relief consisting of two paragraphs: (1) ineffective counsel, and, (2) the denial of due process because he did not receive a copy of the grand jury minutes, which, according to Hicks, would have assured him of his right to cross-examination. The post-conviction relief court granted Hicks' petition.

The PCR court took judicial notice of Allen's testimony in the subsequent trial of Webster, Hicks' co-defendant. Although Webster's trial took place in March of 1979, its cause number was identical to Hicks'—4CR–202–978–865, and the trial occurred before the same judge and in the same courtroom. At Webster's trial, Allen testified that he had no recollection of the murders nor of making any statements which implicated any of the co-defendants. Webster was convicted, but the Indiana Supreme Court reversed, finding that Allen's prior statements implicating his co-defendants were to be admitted only for impeachment purposes. At Webster's retrial, Allen testified as he did at Hicks'; a conviction resulted which the Indiana Supreme Court affirmed. However, the Seventh Circuit reversed on the grounds of double jeopardy and Webster was released.

Under Indiana law, the post-conviction relief judge, as the trier of fact, is the sole judge of witness credibility; therefore, we will disturb his decision only if it is contrary to law, i.e., if the evidence is without conflict and can lead only to the conclusion opposite that reached by the post-conviction relief court. *Lahrman v. State* (1986), Ind.App., 501 N.E.2d 1109, 1112.

## I.

### *Judicial Notice*

In arguing that the post-conviction relief court erred in taking judicial notice of the records of Webster's trial, the State assumes that those records were outside of the cause before the court. Thus, in so arguing, the State overlooks the fact that "a court judicially knows its own records." *Brown v. State* (1983), Ind.App., 458 N.E.2d 245, 250, citing *Apple v. Greenfield Banking Co.* (1971), 255 Ind. 602, 266 N.E.2d 13.

In *Young v. State* (1980), Ind.App., 413 N.E.2d 1083, we spoke of what "own records" can include:

> "[I]t is settled, of course, that the courts, trial and appellate, take notice of their own respective records in the present litigation, both as to matters occurring in the immediate trial, *and in previous trials or hearings,*" McCormick, Evidence, 2d Ed. § 330 at 766 (1972). (emphasis added.)
>
> ". . . the court will take judicial notice of earlier determinations involving the same parties which are vital to the determination of the present action, . . . ." (Citation omitted.)

*Young, supra,* at 1086.

We applied that rule in *Atkins v. State* (1986), Ind.App., 499 N.E.2d 1180. *Atkins* dealt with one of four co-defendants who were charged with conspiracy to commit theft. In *Atkins,* we had to determine whether Atkins had agreed with his co-defendants to commit theft. In addressing this question, we referred to *Lewis v. State* (1986), Ind.App., 493 N.E.2d 822, an earlier case which found that Atkins' co-defendants had never agreed with Atkins to commit theft. Based on the *Lewis* decision, we reversed Atkins' conviction, reasoning that if the co-defendants had not agreed with Atkins, then Atkins could not have agreed with them. Thus, *Atkins* demonstrates that, under certain circumstances, it is possible to judicially notice prior determinations.

In this case, the post-conviction relief court's decision is challenged because it judicially recognizes records in the same way in which we noticed records in *Atkins.* Yet, as in *Atkins,* the records of Webster's trial are part of the Hicks' court's "own records." The indictment simultaneously named Hicks, Allen, D. Webster, and O.D. Webster as co-defendants for the same counts of murder; both Hicks' and Webster's trial proceeded under cause number 4CR–202–978–865, before the Honorable James L. Clement; and in both trials, prior co-defendant Allen was the key witness. Furthermore, in Hicks' case, Webster's trial was an "earlier determination involving the same parties which was vital to the determination of the present action," as stated in *Young, supra,* at 1086. Therefore, the post-conviction relief court did not err by taking judicial notice of the records of Webster's trial; its actions complied with *Young* as used in *Atkins.*

## II.

### *Allen's Credibility*

The State also unsuccessfully asserts that the post-conviction relief court erred by ruling on the credibility of witness Allen, claiming it was "not relevant to or pertaining to issues that were alleged or could have properly been alleged, by the Petitioner in his petition for Post–Conviction relief." To support its claim that the court acted outside its authority in raising and ruling on this issue *sua sponte,* the State refers to the Indiana Rules for Post–Conviction Relief. It points to Rule 1 § 3, which states that the petitioner should include in his petition every ground for relief known to him, and Rule 1 § 6, which obligates the court to "make specific findings of fact, and conclusions of law on all issues presented." Indiana Rules of Procedure, Post–Conviction Rule 1 § 6.

However, contrary to the State's assertion, the question of witness Allen's credibility was not wholly disregarded prior to the court's "*sua sponte*" notice. In his petition for post-conviction relief, Hicks alleges error because he did not receive Allen's testimony before the grand jury.[1] In his supporting memorandum, Hicks claims this failure resulted in his inability to "show that *Allen lied* on several occasions." (Emphasis added.) (Record, p. 12.) Hicks continues with the following paragraph:

> In *Mooney v. Holohan* 294 U.S. 103 [55 S.Ct. 340, 79 L.Ed. 791] (1935) the United States Supreme Court stated that: "The denial by a state of any judicial process by which a conviction obtained through the admitted or proved use by the state, knowingly or unknowingly, of perjured testimony, and the supression [sic] of impeaching evidence, may be set aside, is a deprovation [sic] of liberty without Due Process of law violation of the Fourteenth Amendment."

(Record p. 12.) Thus, although not framed as a separate issue, Hicks addressed the question of perjured testimony, a question which was relevant and pertained to the issues in his petition.

Furthermore, at his post-conviction relief hearing, in addition to Hicks' testimony that the unobtained Grand Jury minutes would show that Allen lied, toward the end of the post-conviction relief hearing, the Petitioner's Attorney argued as follows:

> By Hilbert Bradley:
>
> In relation to *the telling the truth of Allen,* the U.S. Court of Appeals, Seventh Circuit, # 83–C–306, seemed to indicate that the witness, Allen, was *not a credible witness,* and that was one of the reasons why in the final analysis based upon the issue of *Burks v. U.S.,* pertaining to double jeopardy, that the Seventh Circuit decided that they had enough,

1. This, in itself, might have been a violation of due process:

> [A] suppression by the prosecution of evidence favorable to an accused upon request violates due process when the evidence is material either to guilt or punishment, irrespective of the bona fides of the prosecution.

*Birkla v. State* (1975), 263 Ind. 37, 323 N.E.2d 645, 648, *cert. denied, Birkla v. Indiana* (1975), 423 U.S. 853, 96 S.Ct. 99, 46 L.Ed.2d 77. However, we do not address this question, as the issues before us dispose of the case.

that Dirk Webster should be released based upon the fact the evidence was not sufficient as presented to the Supreme Court of the State of Indiana. (Emphases added.)

Record p. 127, ll. 15–25; p. 128, ll. 1–3. Thus, the post-conviction relief petition and hearing did indicate that Allen's credibility was relevant to the issues addressed.

Nonetheless, even if, arguendo, the possibility of Allen lying was never addressed in Hicks' petition for post-conviction relief, the post-conviction relief court properly "noticed" it because a court cannot ignore the denial of a Constitutional guarantee. In *Branan v. State* (1974), 161 Ind.App. 443, 316 N.E.2d 406, we spoke of the lack of a court's discretion concerning constitutional errors:

> While the function of appellate review does not encompass a calculated search of the record to discover constitutional error; ... once constitutional error is discovered while examining the transcript ..., it can not be ignored. Fundamental constitutional guarantees are absolute and outside the discretion of any court to ignore or deny.

*Branan, supra,* 316 N.E.2d at 408. Thus, contrary to the State's assertions, the post-conviction relief court was obligated to take judicial notice of any constitutional errors it discovered.

In *Richard v. State* (1978), 269 Ind. 607, 382 N.E.2d 899, *cert. denied,* (1979), 440 U.S. 965, 99 S.Ct. 1515, 59 L.Ed.2d 781, our Supreme Court held that a conviction obtained through the use of perjured testimony was fundamentally unfair.

> A conviction obtained by the knowing use of *perjured testimony is fundamentally unfair* and a corruption of the truth-seeking function of the trial process, ... [citations omitted], and this rule includes known false testimony relating to the credibility of a state's witness. (Citations omitted.) (Emphasis added.)

*Richard, supra,* 382 N.E.2d at 903. "Perjury" is defined in the Indiana Code as follows:

> (a) A person who:
>
> (1) makes a false, material statement under oath or affirmation, knowing the statement to be false or not believing it to be true; or
>
> (2) has knowingly made two (2) or more material statements, in a proceeding before a court or grand jury, which are inconsistent to the degree that one (1) of them is necessarily false; commits perjury, a Class D felony.

West's A.I.C. 35–44–2–1(a). Therefore, the knowing use of perjured testimony amounts to a fundamental error; the court properly took judicial notice of the possibility that Allen's testimony could have been perjured.

## III.

### *Court's Authority*

Contrary to the State's assertion, the post-conviction relief court did not exceed its authority in determining the credibility of witness Allen. In *McHugh v. State* (1984), Ind., 471 N.E.2d 293, our Supreme Court clearly defined the post-conviction relief judge's authority and the weight which his decision must be afforded by a reviewing court.

> The judge who presides over the post-conviction hearing possesses exclusive authority to weigh the evidence and to determine the credibility of witnesses. The reviewing court therefore will not set aside the trial court's ruling on a post-conviction petition unless the evidence is without conflict and leads solely to a result different from that reached by the trial court. (Citation omitted.)

*McHugh, supra,* at 294–95.

In this case, the evidence is not without conflict: Allen's testimony at Hicks' trial conflicted with that given by Allen at Webster's trial. The jury did not face that conflict, as Webster's trial occurred after Hicks' trial. Thus, the conflict of evidence before the post-conviction relief court required that judge to resolve the question of credibility. *Tucker v. State* (1988), Ind., 517 N.E.2d 86, citing *McHugh, supra.* Therefore, since the evidence was not without conflict and did not lead only to a conclusion opposite that reached by the

post-conviction relief court, we will not disturb the post-conviction relief court's assessment of witness Allen's credibility.

Nor will we disturb the court's subsequent conclusion to vacate and grant a new trial. In *Evans v. State* (1986), Ind., 489 N.E.2d 942, our supreme court stated:

> The knowing use of perjured testimony is fundamentally unfair and a conviction obtained by the use of such testimony will not be upheld. [Citation omitted.]

*Evans, supra,* at 948. Given the fact that the post-conviction relief court determined that perjury may have occurred, it acted properly in setting aside Hicks' conviction.

IV.

*Ineffective Counsel*

Finally, the State claims that the post-conviction relief court erred by entering an implied conclusion of law on the issue of ineffective counsel. To support its argument, the State relied on the court's obligation to "make specific findings of fact, and conclusions of law on all issues presented." Indiana Rules of Procedure, Post–Conviction Rule 1, § 6, which it claims the court did not do.

While it is true that a post-conviction relief court is obligated to follow that rule, that obligation is not without exception. In *Harvey v. State* (1986), Ind., 498 N.E.2d 1231, *reh. denied,* the appellant requested a remand, claiming that the trial court had not entered specific findings of fact and conclusions of law on all of the claims raised in his petition. Our Supreme Court did not grant remand, stating:

> Where, however, the facts underlying the petitioner's claims are not in dispute and the issues are sufficiently presented for review, any defects in the court's order will not warrant a remand. (Citation omitted.)
>
> The trial court's order specifically addressed some, *but not all,* of the issues raised by appellant's amended petition. We nevertheless agree with the State that the underlying facts are not in dispute and that the issues raised on appeal constitute questions of law which are adequately clarified for our review. (Citation omitted.) The defects in the court's order do not warrant a remand for further findings.

*Harvey, supra,* at 1233.

Here, although the post-conviction relief court did not specifically address the effectiveness of counsel in its conclusions of law, it did specifically address that question in its Findings of Fact. The parties do not dispute the underlying facts surrounding this claim, they only question the conclusion drawn from those facts. We therefore find that the issue is sufficiently presented for our review and does not require a remand.

On review, we find that there was some evidence which could support the State's assertion that the post-conviction relief court impliedly found counsel to be ineffective. For instance, although the Petitioner's counsel had obtained a court order which directed the State "to make available to the defendant certain tape recordings in connection with this cause" (Record p. 16), at the trial it was brought out that the defendant had never received the tapes of Allen's Grand Jury testimony.

We need not decide this issue of ineffectiveness of counsel since the post-conviction hearing court has presented sufficient ground to warrant the vacating of Hicks' conviction.

Affirmed.

MILLER, J., concurs.

HOFFMAN, J., dissents with opinion.

HOFFMAN, Judge, dissenting.

I must respectfully dissent from the majority's decision that the trial court properly granted Garland Hick's petition for post-conviction relief. The trial court's final two Findings of Fact and its Conclusion of Law clearly demonstrate that the court relied upon its judicial knowledge of the evidence of witness Aurelius James Allen's credibility gleaned from the subsequent trials of Dirk Webster and Allen in reaching its decision to grant Hick's petition for post-conviction relief:

"7. The Court takes judicial knowledge of the fact that witness Allen, in subsequently testifying against co-defendant Dirk Webster in this cause (guilty verdicts reversed in 413 NE 2d 898) claimed he had no recollection of the events of the night of the murder of Betty De-Bowles and Robin Thomas and that he did not remember making statements implicating any of the co-defendants including petitioner Garland Hicks. However, in the retrial of that cause witness Allen testified basically as he did in the trial of Garland Hicks. Dirk Webster was convicted a second time. Said conviction was affirmed by Indiana Supreme Court 442 NE 2d 1035. However, subsequently that decision was reversed by the 7th Circuit Court of Appeals and Dirk Webster was released from the Indiana Department of Corrections.

8. The Court further takes judicial knowledge of the fact that witness Allen was subsequently convicted of one count of Murder and a second count of Attempted Murder (affirmed by the Indiana Supreme Court 496 NE 2d 53) resulting from a drug transaction and where the murder victim was in no way involved in said transaction but was killed because she happened to be present at the time. (This is similar to the situation of victim Betty DeBowles in the case before the Court).

## CONCLUSION OF LAW

The Court realizes that in paragraphs seven (7) and eight (8) of its Findings of Facts the Court has gone beyond the issues that could have been presented by the Petitioner in his Petition. However, the Court believes in reviewing the totality of the record in all four (4) trials in this cause and the pre-trial and post-trial hearings, coupled with the subsequent conviction of Allen as above set forth that there is a serious question regarding the credibility of witness Allen and that there exists a reasonable doubt of Petitioner's guilt.

WHEREFORE, the Court grants Petitioner's Post–Conviction Relief, vacates the guilty verdict rendered herein, and grants Petitioner a new trial."

Contrary to the contention of the majority, it is a well-settled rule of law that a trial court may not take judicial notice of its own records before the court *even on a related subject with related parties.* (Emphasis added.) *Hutchinson v. State* (1985), Ind., 477 N.E.2d 850, 854; *Szymenski v. State* (1986), Ind.App., 500 N.E.2d 213, 215. The majority's reliance on this Court's decision in *Young v. State* (1980), Ind.App., 413 N.E.2d 1083, to justify the trial court's actions here is misplaced. The majority opinion's quotation from the *Young* opinion states only that the court can take judicial notice of its own records "in the present litigation" or of records from "earlier determinations involving the same parties which are vital to the determination of the present action." 413 N.E.2d at 1086. The records of Allen's testimony in Dirk Webster's trial and records of Allen's subsequent conviction were not part of the "present litigation" involving Garland Hicks' post-conviction relief petition, nor were they records from "earlier determinations involving the same parties." I cannot agree with the majority's contention that, because Dirk Webster was charged in the same indictment as Hicks and tried four months later under the same cause number as Hicks, the records of Webster's trial were the Hicks court's "own records" and involved the "same parties." To claim that this Court's decision in *Young, supra*, justifies such a conclusion is, in my opinion, a serious mischaracterization of the clear language in that opinion and contrary to the well-settled rule that a trial court may not take judicial notice of its own records in another matter.

Since the trial court improperly based its decision to grant Hicks' petition for post-conviction relief on its judicial notice of evidence of witness Allen's credibility taken from the trials of Webster and Allen, I would reverse the trial court's ruling granting Hicks' petition.