Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellant.

Susan K. Carpenter, Public Defender, Pamela Beck, Hope Fey, Deputy Public Defenders, for appellee.

**STATE of Indiana, Appellant,**

**v.**

**Garland HICKS, Appellee.**

**No. 45S03–8807–PC–611.**

Supreme Court of Indiana.

July 7, 1988.

ON CRIMINAL PETITION
FOR TRANSFER

GIVAN, Justice.

Although we agree with the majority opinion of the Court of Appeals, we also note that the law stated in the dissenting opinion is correct as far as the general application of the law regarding judicial notice is concerned. *State v. Hicks* (1988), Ind.App., 519 N.E.2d 1276. We therefore write this opinion for the sole purpose of clarifying the application of the law as far as the unusual circumstances of this case are concerned.

The statement of facts as set out in the majority opinion of the Court of Appeals is reproduced verbatim, as follows:

"On September 22, 1978, appellee Garland Hicks was indicted for two counts of murder, along with co-defendants Aurelius J. Allen, Dirk Webster, and O.D. Webster. All were named on one indictment. Although Allen's statements supplied the basis for the indictment, Allen had made five (5) different statements, only naming Hicks as an accomplice in his last two statements.

In exchange for a consolidated sentence of six years, Allen agreed to testify against Hicks. Later he was told he must testify against Webster as well. At Hicks' trial in December of 1978, Allen's statements provided the evidence necessary for conviction, and, under cause number 4CR–202–978–865, Hicks was convicted of one count of murder and acquitted of the second count. He received a sentence of fifty years. Hicks appealed his conviction directly to the Indiana Supreme Court; they affirmed it, 426 N.E.2d 411.

Hicks then filed a petition for post-conviction relief consisting of two paragraphs: (1) ineffective counsel, and, (2) the denial of due process because he did not receive a copy of the grand jury minutes, which, according to Hicks, would have assured him of his right to cross-examination. The post-conviction relief court granted Hicks' petition.

The PCR court took judicial notice of Allen's testimony in the subsequent trial of Webster, Hicks' co-defendant. Although Webster's trial took place in March of 1979, its cause number was identical to Hicks'—4CR–202–978–865, and the trial occurred before the same judge and in the same courtroom. At Webster's trial, Allen testified that he had no recollection of the murders nor of making any statements which implicated any of the co-defendants. Webster was convicted, but the Indiana Supreme Court reversed, finding that Allen's prior statements implicating his co-defendants were to be admitted only for impeachment purposes. At Webster's retrial, Allen testified as he did at Hicks': a conviction resulted which the Indiana Supreme Court affirmed. However, the Seventh Circuit reversed on the grounds of double jeopardy and Webster was released."

The dissenting opinion was correct when it stated:

"[I]t is a well-settled rule of law that a trial court may not take judicial notice of its own records before the court *even on a related subject with related parties.* (Emphasis added.) *Hutchinson v. State* (1985), Ind., 477 N.E.2d 850, 854; *Szymenski v. State* (1986), Ind.App., 500 N.E.2d 213, 215." *Hicks, supra,* 519 N.E.2d 1282.

■ The State is also correct in its memorandum in support of its petition for transfer when it states that in a post-conviction case the post-conviction court cannot take judicial notice of the transcript of the evidence at the original trial; the transcript must be entered into evidence just as any other exhibit, citing *Smith v. State* (1977), 266 Ind. 633, 366 N.E.2d 170; *Jackson v. State* (1975), 264 Ind. 54, 339 N.E.2d 557.

■ However, in the case at bar, further developments in the case had become clearly apparent to the trial judge and to both the State and the appellee. This factual development in the case clearly indicated to the trial judge that a retrial of the post-conviction relief petition would result in a granting of the same. Situations of this nature have been recognized in other jurisdictions as set out in 29 Am.Jur.2d *Evidence* § 59, wherein it is stated:

"There are some cases wherein the courts have taken judicial notice of proceedings in other cases in the same or other courts, contrary to the general rules discussed in the preceding section (footnote omitted). These cases are not necessarily in conflict with such general rules, but usually recognize these rules, holding, however, that for reasons apparent in each case the court is justified in noticing judicially the proceedings in other causes (footnote omitted.)"

In the case at bar, the trial judge was thoroughly justified in taking judicial notice of the proceedings which had in fact occurred in his court, which by a more extravagant use of judicial time would have led to the same result. There is no question that the trial court would not have erred had he refused to take judicial notice and required a full rehearing nor was he bound to grant a new trial solely on the issue of recanted testimony. *Downs v. State* (1985), Ind., 482 N.E.2d 716. However, his practical handling of the situation was an economical use of judicial time and saved needless time and expense to both sides of the litigation.

The Court of Appeals was correct in affirming the trial court.

SHEPARD, C.J., and PIVARNIK and DICKSON, JJ., concur.

DeBRULER, J., concurs in result without separate opinion.